599 So.2d 422 (1992)
STATE of Louisiana
v.
Marvin MARTIN.
Nos. 91-KA-0994, 91-KA-1569.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1992.
*423 Harry F. Connick, Dist. Atty. of Orleans Parish, Charmagne Padua, Asst. Dist. Atty. of Orleans Parish, New Orleans, for plaintiff/appellee.
Sherry Watters, New Orleans, for defendant/appellant.
Before PLOTKIN, JONES and WALTZER, JJ.
WALTZER, Judge.
On October 11, 1990 the defendant was charged by bill of information with simple burglary of an inhabited dwelling. He was arraigned on October 19, 1990 and pled not guilty. On March 6, 1991, a twelve member jury found the defendant guilty as charged. On March 15, 1991, the trial court sentenced him to twelve years at hard labor without benefit of parole. Also on that day, defendant filed a motion for appeal which was granted. On March 22, 1991 the State filed a multiple bill accusing the defendant of being a quintuple offender. On July 1, 1991 the court found the defendant to be a quadruple offender and sentenced the defendant to twenty years at hard labor with the first twelve years to be served without parole.
The defendant was discovered in an apartment by the tenants. After a short chase, he was apprehended and found to be in possession of one of the tenant's property.
After he was convicted, the State filed the multiple bill accusing him of being a fifth offender. The bill accused him of having been convicted of simple burglary in 1976, distribution of marijuana in 1982, forgery in 1983 and aggravated battery in 1989. At the hearing, a fingerprint expert testified the defendant's fingerprints matched those on the arrest register of the 1989 conviction, the arrest register of the 1983 conviction, the bill of information of the 1982 conviction, and the arrest register of the 1976 conviction. The court refused to allow the 1976 conviction to be used as a predicate offense because that conviction was based on a guilty plea and the defendant had not signed the guilty plea form.
The defense argues that the trial court incorrectly found the defendant to be a quadruple offender because the State failed to prove that the guilty plea on which the 1989 conviction was based was knowingly and voluntarily made. Specifically, the defendant signed the bottom of the form but did not initial every line. Since the 1989 conviction cannot be used, the defense argues, the State failed to prove that the five year cleaning period between the defendant's release on the 1983 conviction and the instant offense did not lapse. R.S. 15:529.1(C).
A guilty plea is not valid unless it is an intelligent and voluntary choice. The defendant must expressly and knowingly waive his right to trial by jury, his right to confront his accusers, and his privilege against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971); State v. Kelly, 524 So.2d *424 123 (La.App. 4th Cir.1988), writ den., 531 So.2d 262 (La.1988).
If the defendant objects to the voluntariness or its being a knowing plea, the State must affirmatively show through a contemporaneously recorded transcript that the plea was voluntary and made with an awareness of its consequences. State v. Bolton, 379 So.2d 722 (La.1979). It is preferable for the trial judge to conduct a colloquy with the defendant to ascertain the validity of the plea. State v. Halsell, 403 So.2d 688, 690 (La.1981). A waiver of rights form may be considered, but it is not sufficient proof of a knowing and voluntary waiver. State v. Rome, 469 So.2d 1150 (La.App. 4th Cir.1985).
In State v. Tucker, 405 So.2d 506 (La. 1981), the Louisiana Supreme Court considered a plea form and a minute entry admitted at the multiple offender hearing. The minute entry stated that the trial court "questioned the accused under oath regarding his plea of guilty." In the plea form the defendant admitted his guilt, acknowledged his potential sentence, and indicated that he understood the trial of rights and waived them. To satisfy the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), there must be an affirmative showing in the record that the accused at the time he entered his guilty plea knowingly and voluntarily waived his constitutional privilege against self-incrimination, right to trial by jury, and right to confront his accusers. In the Tucker case, supra, the plea form had the defendant's initials next to recitations that he had been informed of his rights to trial by jury, to the privilege against self-incrimination, and to confrontation. The form was signed at the bottom by the defendant, his counsel and the trial judge. The Supreme Court noted "there is a potential for abuse of the accused's constitutional rights in the continued use of printed `waiver of rights' forms, and for this reason their use is to be discouraged." Id. at 509. However, the Court found that the minute entry "concerning the abbreviated colloquy along with the well executed `waiver of rights' form" was a valid waiver. See also State v. Dunn, 390 So.2d 525 (La.1980); State v. James, 458 So.2d 501 (La.App. 4th Cir.1984).
In State v. Jones, 516 So.2d 396 (La.App. 5th Cir.1987), to prove the defendant was properly Boykinized, the State introduced a minute entry from the record of that case that states, "plea and waiver signed. Boykin given." The State also introduced a waiver-of-rights form signed by the defendant. The minute entry, however, did not indicate that the defendant's constitutional rights were explained and that he understood those rights. Further, the waiver form was not signed by the trial judge, nor was there any indication that each section of the form was explained to the defendant. The Fifth Circuit held that the trial court erred in finding that the defendant had been properly Boykinized.
In State v. Thompson, 539 So.2d 1008 (La.App. 4th Cir.1989), the State filed the arrest register, bill of information, the minute entry, and a plea of guilty form. The defendant had been attended by counsel when he pled guilty to the predicate offense. At that time, the defendant filed the formal waiver of rights form. In the plea form, the defendant with his initials admitted his guilt, acknowledged his sentence, and indicated his understanding of his right to trial by jury, his right to confront his accusers, and his privilege against self-incrimination. With his initials, the defendant also indicated that the form was executed voluntarily. The form stated: "The judge has addressed me personally as to all of these matters and he has given me the opportunity to make any statements I desire." The defendant's initials appeared seven times on the form. The form was signed by the judge, defendant's attorney, and twice by the defendant. In addition, the corresponding minute entry stated that defendant "filed formal waiver of rights form and was advised by the court as per Boykin." This Court found that the detailed plea form taken together with the minute entry attesting to defendant's Boykinization constituted an affirmative showing of a valid waiver.
In this case, the State introduced the arrest register, the docket master, a minute entry and a waiver of rights form. No colloquy was filed. The minute entry *425 states only that: "the court interrogated the defendant, found factual basis, and ordered the guilty plea recorded." The waiver is signed by the defendant, his counsel and the trial judge. It contains the statements noted in Thompson: "The judge has addressed me personally as to all of these matters and he has given me the opportunity to make any statement I desire." However, unlike Thompson, the defendant did not initial the plea form after each of the three Boykin rights. Furthermore, the minute entry contains absolutely no reference to Boykin. Under these facts, the trial court erred in finding the defendant had been properly Boykinized.
Accordingly, the conviction under the Habitual Offender Statute was defective and the case will be remanded.[1] The State is not barred from presenting additional evidence, because a defendant is not protected by principles of double jeopardy from being tried again on the question of a prior felony conviction. See State v. Johnson, 432 So.2d 815 (La.1983); Jones, supra.
For the reasons discussed, we affirm defendant's conviction, reverse the sentence, and remand the case for resentencing.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
NOTES
[1] Note that the original sentence should not be reinstated as it contains an error patent rendering the sentence illegally severe. The Supreme Court has construed the ineligibility for parole, probation or suspension of sentence provision found in R.S. 14:62.2 to attach only to the statute's minimum one year term. State v. Cowley, 411 So.2d 448 (La.1982); State v. Boowell, 406 So.2d 213 (La.1981). The original sentence in this case denied parole eligibility for the entirety of the twelve year sentence.