ARMSTRONG, Judge.
Defendant, Michael Cargo, was charged with and pled guilty to possession of a stolen automobile, a violation of La.R.S. 14:69. He was sentenced to serve five years at hard labor. The State subsequently filed a multiple bill charging the defendant with being a second felony habitual offender. Defendant, through counsel, stipulated to his identity, and the court found him guilty as a second offender. The court vacated the sentence previously imposed and sentenced the defendant to five years at hard labor. Defendant now appeals only the habitual offender conviction and sentence.
Defendant raises two assignments of error. Because we find merit to his second assignment of error, we pretermit discussion of the first.
In his second assignment of error, defendant argues that the trial court erred when it found him to be a second felony habitual offender based on a standard “fill-in-the-blanks” form minute entry. That minute entry was introduced at the habitual offender proceeding over the objection of the defense counsel. Defendant argues that without a contemporaneously recorded transcript, the pre-printed minute entry is insufficient to support a finding that the predicate guilty plea was constitutionally obtained.
This argument by defendant has merit. In State v. Blunt, 464 So.2d 869 (La.App. 4th Cir.1985), this Court held that such a pre-printed fill-in-the-blanks form, which purported to be a minute entry, could not be considered a contemporaneous record of a guilty plea. The Court further noted that:
“[A] guilty-plea, rights-waiver form executed by defendant, although complete in every detail, is insufficient without minutes or transcript of a colloquy between judge and defendant showing the knowing and voluntary waiver required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).”
Id. at 871.
In the instant case, the State introduced only the pre-printed “minute entry” and the waiver of rights form as evidence that defendant had voluntarily waived his constitutional rights at the time he pled guilty to the predicate. No Boykin transcript was introduced. Therefore, the trial court erred when it adjudicated defendant a second felony habitual offender. State v. Blunt, supra.
For the foregoing reasons, we vacate and set aside defendant’s conviction and sentence as a habitual offender, and remand this case for a new habitual offender hearing.
HABITUAL OFFENDER CONVICTION AND SENTENCE VACATED; REMANDED.