622 So.2d 829 (1993)
STATE of Louisiana
v.
Larry ROBAIR aka Larry Youngblood.
No. 93-KA-0835.
Court of Appeal of Louisiana, Fourth Circuit.
July 27, 1993.
*830 Harry F. Connick, Dist. Atty. of Orleans Parish, Susan M. Erlanger, Asst. Dist. Atty. of Orleans Parish, New Orleans, for State of Louisiana.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant.
Before PLOTKIN, JONES and LANDRIEU, JJ.
PLOTKIN, Judge.
Larry Robair, also known as Larry Youngblood, was charged with theft of more than $500 of merchandise, a violation of LSA-R.S. 14:67. At his arraignment, he pleaded not guilty. Later, however, the appellant withdrew his former plea and entered a plea of guilty to the charge of theft of merchandise worth more than $100 but less than $500. He was sentenced to serve two years at hard labor as a second offender under La.R.S. 15:529.1. He now appeals, arguing that the trial court erred in finding him to be a second offender.
At the multiple bill hearing, the appellant admitted that he was the same person who pleaded guilty to possession of stolen property in Case No. 330-627 in 1988. However, defense counsel objected to appellant's being adjudicated a second offender because the plea form from the earlier offense was not signed a second time at the bottom of the page acknowledging that there was a colloquy between the judge and the appellant. On appeal defense counsel also argues that the appellant did not initial the form and that the attorney signing the form is different from the attorney named in the minute entry as present during the colloquy at the hearing. Further, defense counsel maintains that the minute entry is a pre-printed form as evidenced by the difference in the attorneys' names on the minute entry and plea form, and as such it is inadequate proof of Boykinization. State v. Cargo, 609 So.2d 905 (La.App. 4th Cir.1992).
In order for there to be a knowing and voluntary waiver of constitutional rights in a guilty plea, the defendant must be informed of his privilege against self-incrimination, the right to a jury trial, and the right to confront one's accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Although the colloquy between the trial court and the defendant is the preferred evidence proving the defendant knowingly and voluntarily waived his rights by pleading guilty, it is *831 not indispensable when the record contains other evidence of a proper waiver. State v. Nuccio, 454 So.2d 93 (La.1984); State v. Kelly, 524 So.2d 123 (La.App. 4th Cir.1988), writ denied, 531 So.2d 262 (La.1988).
The plea form taken with the minute entry attesting to the defendant's Boykinization constitutes a valid waiver. State v. Tucker, 405 So.2d 506 (La.1981); State v. Arrington, 455 So.2d 1284 (La.App. 4th Cir.1984); State v. Kelly, supra; State v. Thompson, 539 So.2d 1008 (La.App. 4th Cir.1989), writ denied, 544 So.2d 399 (La. 1989).
At the multiple bill hearing the State introduced the guilty plea, the minute entry, the docket master, the bill of information, and the arrest register for the appellant's prior conviction. On the plea form the appellant signed, he admitted his guilt, acknowledged his sentence, and indicated his understanding of his right to a jury trial, his right to confront his accusers, and his privilege against self-incrimination. The appellant was represented by counsel when he pled guilty. The guilty plea form is signed once by the appellant, the judge, and defendant's attorney, Tilden H. Greenbaum. However, at the bottom below the sentence stating, "The Judge has addressed me personally as to all of these matters and he has given me the opportunity to make any statement I desire," the appellant did not sign his name. The form is initialled in only one placewhere the possible sentence is stated; however, there are no blanks for initials on other lines on the form.
The minute entry of the appellant's sentencing hearing on December 7, 1988, states:
Defendant appeared before the bar of the Court ... and the Court appointed OIDP MS. CAROL SKARPETOWSKI and through counsel entered a plea of not guilty. The Court advised the defendant of the right to a judge or jury trial. Later the defendant withdrew the former plea of not guilty and entered a plea of guilty as charged. The Court interrogated the defendant as to the right to have a trial by jury, the right to face his accusers, the right against self-incrimination and the right to an appeal and the defendant answered in the affirmative and announced to the Court he understood the rights set before him.
Here the minute entry states that the Court interrogated the defendant as to his rights. It indicates that the defendant voluntarily waived his rights to a trial, to confront his accusers, and against self-incrimination when he pleaded guilty. This minute entry is not a pre-printed form of the fill-in-the-blanks sort that this Court found to be inadequate in State v. Cargo, supra. Rather italong with the plea of guilty formindicates that there was a proper voluntary plea by the defendant of the predicate offenses. State v. Tucker, 405 So.2d 506 (La.1981); State v. Rogers, 555 So.2d 500 (La.App. 4th Cir.1989); State v. Thompson, 539 So.2d 1008 (La.App. 4th Cir.1989), writ denied, 544 So.2d 399 (La. 1989); State v. Arrington, 455 So.2d 1284 (La.App. 4th Cir.1984); State v. Kelly, supra;
Furthermore, as the State points out, the law does not require that the same attorney explain the guilty plea form to a defendant and then stand with him at the hearing; or that a defendant initial every line on which his rights are spelled out when the form does not create a space for initials; or that the defendant sign the bottom line on the plea form. The fact that the defendant was represented by counsel at the time he pleaded guilty, that he signed a plea form on which his rights were specified, and that the rights were delineated on the minute entry are evidence that he voluntarily waived his constitutional rights when he pleaded guilty to the predicate offense.
This case is distinguishable from State v. Martin, 599 So.2d 422 (La.App. 4th Cir. 1992), where this Court found the conviction under the multiple bill defective. In Martin as in the instant case, the defendant signed a plea form but did not initial the lines of the guilty plea form where his Boykin rights were set out. However, in Martin unlike the instant case, the minute entry stated only that "the court interrogated *832 the defendant, found factual basis, and ordered the guilty plea recorded." The Martin minute entry contains absolutely no reference to an explanation of the defendant's constitutional rights. Because the minute entry in the instant case explicitly states that the trial court explained the Boykin rights, we find there was a valid waiver. State v. Thompson, 539 So.2d 1008 (La.App. 4th Cir.1989), writ denied, 544 So.2d 399 (La.1989).
This case is also distinguishable from State v. Bridges, 610 So.2d 827 (La.App. 4th Cir.1992), on rehearing 617 So.2d 515 (La.App. 4th Cir.1993), where this Court vacated a multiple offender sentence in which the State offered a plea of guilty form and a minute entry stating only that the defendant was advised of his rights under C.Cr.P. art. 780 (the right to a trial by jury). The instant case is similar to State v. Rogers, supra, and the recently decided State v. Stemley, 618 So.2d 455 (La.App. 4th Cir.1993), where this Court found that the State offered sufficient proof that the defendants made voluntary pleas to the predicate offenses.
Accordingly, for reasons stated above, the conviction and sentence of the appellant are affirmed.