729 So.2d 95 (1999)
STATE of Louisiana
v.
Gary JONES.
No. 98-KA-1055.
Court of Appeal of Louisiana, Fifth Circuit.
February 23, 1999.
*96 Paul D. Connick, District Attorney, Terry M. Boudreaux, Rebecca J. Becker, Joan Benge, Assistant District Attorneys, Gretna, for Plaintiff-Appellee.
Bruce G. Whittaker, Louisiana Appellate Project, Gretna, for Defendant-Appellant.
Panel composed of Judges H. CHARLES GAUDIN, CHARLES GRISBAUM, Jr. and EDWARD A. DUFRESNE, Jr.
DUFRESNE, Judge.
The Jefferson Parish District Attorney filed a bill of information charging the defendant, Gary Jones, with forcible rape of his daughter, in violation of LSA-R.S. 14:42.1. The matter proceeded to trial before a twelve person jury, at the conclusion of which the defendant was found guilty as charged. As a result of this conviction, the trial judge sentenced the defendant to serve forty years imprisonment at hard labor. It is from this conviction and sentence that the defendant now appeals.

FACTS
At trial, the victim, who was fourteen years old at the time of the crime and sixteen years old at the time of trial, testified that on March 18, 1996, her father, the defendant herein, became angry and hit her several times because a boy called her on the phone. She testified that the following morning, March 19, 1996, as she was getting ready for school, the defendant came to her room with a board and paddled her. According to the victim, when the defendant finished paddling her, he put the board on the dresser and told her to take off her clothes. The victim removed her shorts and her underwear and laid across the bed, as the defendant ordered her to do. The defendant then held a pillow on her head, placed his other hand on her back, and anally raped her. The victim reported this sexual assault to her mother, who lived out of state. Her mother, in turn, reported the incident to child protection authorities. During the course of the subsequent investigation, Officer Monie of the Jefferson Parish Sheriff's Office, conducted an interview with the defendant. In the defendant's initial statement, he denied that he had ever touched his daughter in a sexual way. However, in a second statement, he *97 admitted that he had sexual contact with his daughter. Following this admission, the defendant was arrested.

EXCESSIVE SENTENCE
In his first assignment of error, the defendant complains that his sentence of forty years imprisonment at hard labor is excessive because he is a first felony offender. The state responds that the record supports the sentence imposed, given the nature of the crime and the fact that the victim was the defendant's biological daughter.
The Louisiana Constitution in Article I, Section 20 prohibits the imposition of excessive punishment. Even a sentence within the prescribed statutory limit may violate a defendant's constitutional right against excessive punishment. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Bradham, 94-71 (La.App. 5 Cir. 5/31/94), 638 So.2d 428. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lassere, 95-1009 (La.App. 5 Cir. 10/1/96), 683 So.2d 812, writ denied, 96-2655 (La.4/18/97), 692 So.2d 445.
Generally, maximum sentences are reserved for cases involving the most serious violations of the offense charged, and the worst type of offender. However, the trial judge is afforded wide discretion in determining a sentence, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. McCorkle, 97-966 (La.App. 5 Cir. 2/25/98), 708 So.2d 1212.
The defendant was convicted of forcible rape which carries a possible sentence of forty years imprisonment at hard labor, at least two years of which must be imposed without benefit of probation, parole, or suspension of sentence. LSA-R.S. 14:42.1 B. In this case, the trial judge imposed the maximum sentence of forty years. Although this sentence may initially appear severe for a first felony offender, the record clearly supports the sentence imposed.
In the present case, the trial judge gave very thorough reasons for the imposition of the maximum sentence. The trial judge noted that the defendant's behavior was not an isolated incident and that he had been sexually molesting the victim from the time she was six or seven years old. In imposing sentence, the judge also considered evidence brought out at trial that the defendant had repeatedly raped his stepdaughter throughout her childhood. In addition, the judge noted the defendant's physical abuse of his son as well as his daughter, his lack of remorse, and his apparent lack of understanding that what he did was wrong. Lastly, the judge expressed her belief that there would be a likelihood of recurrence of the defendant's behavior if he was given any lesser sentence. Based on these circumstances, we cannot say that the trial judge abused her discretion in imposing the maximum sentence on this particular defendant. In accord, see State v. Jackson, 597 So.2d 1188 (La.App. 5 Cir.1992), where this court affirmed a sentence of forty years at hard labor imposed upon a first time felony offender convicted of forcible rape.
Moreover, we note that the sentence imposed on the defendant is actually illegally lenient as the transcript reflects that the trial judge failed to specify that the first two years of the sentence be served without benefit of probation, parole, or suspension as required by LSA-R.S. 14:42.1 B.[1] An appellate court may not amend or set aside an illegally lenient sentence on its own motion, when the defendant has appealed and the State has not sought review of sentence. State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108. Since the State has not sought review of the sentence, we will not disturb the sentence as imposed by the trial *98 judge, despite the fact that it is illegally lenient.
Based on the foregoing discussion, the defendant's assertion that his sentence is excessive lacks merit.

INADMISSIBLE OTHER CRIMES EVIDENCE
In his second assignment of error, the defendant complains that the trial court erred in permitting a witness to testify to inadmissible hearsay evidence of other crimes allegedly committed by him.
At trial, Ms. Monya Ward, employed with the Office of Community Services, testified that in connection with her investigation of this incident, she took the victim to the hospital for an examination. While at the hospital prior to the examination, the defendant showed up and began speaking to the victim.
After noticing that the defendant and the victim had disappeared, Ms. Ward went outside to look for them, and found them sitting in the defendant's car in the parking lot. Ms. Ward told the victim that she had to come inside. As Ms. Ward and the victim walked inside the hospital, the victim began to cry. Ms. Ward testified that when she asked the victim what had happened, she replied that her father tried to bribe her into changing her story. Ms. Ward explained that the victim told her that the defendant had said "[t]hat if she said that this didn't happen, that she made it up, that he would let her go to live with her mother the next school year."
The defendant's attorney objected to this testimony on the grounds that it constituted inadmissible hearsay evidence of another crime. The trial court overruled the objection, finding that the evidence fell within an exception to the hearsay rule and was thus properly admissible either as a present sense impression, LSA-C.E. art. 803(1), or as a statement made for purposes of medical treatment and medical diagnosis in connection with treatment, LSA-C.E. art. 803(4). The defendant now contends that the trial court erred in allowing this testimony.
Hearsay is a statement made out of court offered as evidence in court to prove the truth of the matter asserted by the statement. LSA-C.E. art. 801. According to LSA-C.E. art. 802, "[h]earsay is not admissible except as otherwise provided by this Code or other legislation." Hearsay is excluded because the value of the statement rests on the credibility of the out-of-court asserter who is not subject to cross-examination and other safeguards of reliability. State v. Smith, 97-1075 (La.App. 5 Cir. 4/15/98), 710 So.2d 1187.
In the present case, we agree with the trial court's determination that the objected to testimony fell within the present sense impression exception to the hearsay rule and was thus properly admissible. LSA-C.E. art. 803(1) which provides for this exception, defines a present sense impression as "a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter."
With respect to the present sense impression exception, the Louisiana Supreme Court has stated:
... As McCormick explains, a present sense impression is "confined to `describing or explaining'" an event or condition perceived by the speaker. McCormick on Evidence Sec. 298. The critical factor is whether the statement was made while the individual was "perceiving" the event or "immediately thereafter." L.C.E. art. 803(1); McCormick on Evidence Sec. 298. The statement may follow "immediately" after perceiving an event, allowing only for "the time needed for translating observation into speech." McCormick on Evidence Sec. 298.
Buckbee v. United Gas Pipe Line Co., Inc., 561 So.2d 76 (La.1990). See also State v. Haley, 97-1385 (La.App. 3 Cir. 3/6/98), 709 So.2d 992 and State v. Brown, 618 So.2d 629 (La.App. 2 Cir.1993), writ denied, 624 So.2d 1222 (La.1993).
In the present case, the victim told Ms. Ward what her father had said to her just as they were walking into the waiting room of the hospital. The victim's statement was made immediately after the victim spoke with her father, and, as such, the statement *99 falls within the present sense impression exception to the general rule against admitting hearsay. LSA-C.E. art. 803(1).
Moreover, even assuming that Ms. Ward's statement constituted inadmissible hearsay, the admission of such statement can be deemed harmless. It has been held that although a statement may constitute inadmissible hearsay, if the statement is merely cumulative or corroborative, the admission of such statement is harmless error. State v. Smith, supra. In the present case, the victim herself testified regarding the conversation she had with her father. Thus, Ms. Ward's testimony is merely cumulative of the victim's own testimony and its admission, if indeed improper, can be deemed harmless.
Based on the foregoing discussion, we reject likewise reject the arguments raised by the defendant in this assignment of error.

ERROR PATENT DISCUSSION
The defendant also requests that we review the record for errors patent in accordance with LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975).
Such a review reveals that the trial judge failed to advise the defendant of the prescriptive period for post conviction relief as mandated by LSA-C.Cr.P. art. 930.8(C). LSA-C.Cr.P. art. 930.8 provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for post conviction relief. Subpart C of the article requires that the trial court inform the defendant of the three year prescriptive period at the time of sentencing. In accordance with this mandate, the trial judge is ordered to inform the defendant of the provisions of this article by sending appropriate written notice to him within ten days of this opinion and to file written proof that the defendant received such notice. State v. Bates, 96-9 (La.App. 5 Cir. 4/16/96), 673 So.2d 1085.
Accordingly, the defendant's conviction and sentence are affirmed; however, the matter is remanded with the instructions as noted above.
SENTENCE AND CONVICTION AFFIRMED, REMANDED WITH INSTRUCTIONS.
NOTES
[1] The commitment/minute entry reflects that the trial judge ordered that the first two years of the defendant's sentence be served without benefit of parole, probation, or suspension; however, where there is a discrepancy between the transcript and the minute entry, the transcript will prevail. State v. Lynch, 441 So.2d 732 (La.1983).