902 So.2d 451 (2005)
STATE of Louisiana
v.
Alfred S. FLEMING.
No. 04-KA-1218.
Court of Appeal of Louisiana, Fifth Circuit.
April 26, 2005.
*454 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Shannon H. Huber, Vincent Paciera, Martin A. Belanger, Assistant District Attorneys, Twenty-Fourth Judicial District, Parish of Jefferson, Gretna, Louisiana, for Plaintiff/Appellee.
Holli Herrle-Castillo, Louisiana Appellate Project, Marrero, Louisiana, for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY, and SUSAN M. CHEHARDY.
THOMAS F. DALEY, Judge.
The defendant, Alfred S. Fleming, has appealed his adjudication and sentence as a fourth felony offender.

FACTS:
On July 3, 2002, Agent Dennis Lynch, who is employed by the Jefferson Parish Sheriff's Office, approached an area near Ames Boulevard to investigate complaints received from citizens regarding illegal activity. *455 He drove from the Westbank Expressway onto Ames Boulevard. Upon turning onto another street, Agent Lynch observed a large number of people lingering outside. He exited the vehicle and observed defendant smoking a crack pipe. He retrieved the crack pipe and placed him under arrest. Further testing concluded the substance in the pipe was cocaine.
The defendant was charged with knowingly and intentionally possessing a controlled dangerous substance, to wit: Cocaine, in violation of La. R.S. 40:967(C). He pled not guilty and proceeded to trial. The jury returned a verdict of guilty as charged.
A multiple bill hearing was held and the matter was taken under advisement by the trial court. Thereafter, on March 13, 2003, realizing that defendant had not been arraigned prior to the multiple bill hearing, defense counsel waived defendant's presence and entered a plea of not guilty.[1] On March 20, 2003, the trial court found defendant to be a fourth felony offender under La. R.S. 15:529.1 and sentenced him to twenty years of imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence.[2] The trial court denied defendant's Motion to Reconsider Sentence and granted his Motion for Appeal.

LAW AND DISCUSSION:
In his first Assignment of Error, the defendant contends the trial court erred in adjudicating him to be a fourth felony offender because the State failed to adequately prove three prior felony convictions to enhance defendant's sentence under La. R.S. 15:529.1. The defendant contends that, in the absence of a perfect transcript, the State failed to provide a well-executed minute entry and a detailed, properly completed plea form to prove the three predicate offenses. The State responds that it produced three certified copies of defendant's prior convictions, including Bills of Information, minute entries and plea forms and that the predicate offenses were properly used for the multiple bill.
To prove defendant is a habitual offender, the State must initially prove the prior felony convictions and that defendant is the same person who was convicted of the prior felonies. State v. Mims, 00-1507 (La.App. 5 Cir. 12/26/01), 806 So.2d 760, 766, writ denied, 02-0466 (La.2/7/03), 836 So.2d 88. The latter can be established by expert testimony matching the accused's fingerprints with those in the record from the prior proceedings. State v. Kelly, 01-321 (La.App. 5 Cir. 10/17/01), 800 So.2d 978, 984, writ denied, 01-3266 (La.11/1/02), 828 So.2d 565. When the State relies on a prior conviction that is based on a guilty plea in proving defendant's multiple offender status and defendant denies the multiple bill's allegations, the State bears the burden of proving the existence of the prior guilty plea and that the defendant was represented by counsel when they *456 were taken. State v. Shelton, 621 So.2d 769, 779-780 (La.1993).
After the State meets this burden, the defendant must produce affirmative evidence of an infringement of his rights or of a procedural irregularity. If defendant meets this burden, the burden shifts back to the State to prove the constitutionality of the plea, that is, that the plea was knowing and voluntary. Id. This final burden can be met if the State produces a "perfect transcript" articulating the Boykin[3] colloquy between the defendant and the trial judge or any combination of a guilty plea form, a minute entry, or an "imperfect" transcript. State v. Collins, 04-255 (La.App. 5 Cir. 10/12/04), 886 So.2d 1149, 1154.[4] "If anything less than a `perfect' transcript is presented, the trial court must weigh the evidence submitted by the defendant and the State to determine whether the State met its burden of proof that defendant's prior guilty plea was informed and voluntary." Id. (citing State v. Hollins, 99-278 (La.App. 5 Cir. 8/31/99), 742 So.2d 671, 685, writ denied, 99-2853 (La.1/5/01), 778 So.2d 587).
In this case, the defendant's identity was established at the multiple bill hearing by the use of the expert testimony of a fingerprint expert, Sergeant Virgil McKenzie. In addition, the State introduced seven exhibits to prove defendant was a fourth felony offender. However, the defendant attacked the predicate offenses, which are based on guilty pleas.
State's Exhibit 2 contained a certified copy of Case No. 96-1786, a simple robbery conviction in violation of La. R.S. 14:65. This exhibit contained a Bill of Information, a Boykin form, and a minute entry. Defendant argues that this plea form fails to state the sentencing range and the maximum sentence that could be imposed for the crime. Further, the sentence defendant received did not match the information contained in the rest of the exhibits; therefore, he argues this conviction cannot be used as a predicate offense.
Defendant's argument that the predicate convictions are defective for purposes of the multiple offender proceeding because he was not informed of the sentencing range at the time he entered his plea lacks merit. See, State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158, 1164; State v. Robinson, 846 So.2d at 86 (citing State v. Anderson, 98-2977 (La.3/19/99), 732 So.2d 517). This Court has held that an absence of the maximum sentence on the form does not negate the defendant's knowing and voluntary waiver of his rights. State v. Kelly, 800 So.2d at 986. Furthermore, La. C.Cr.P. art. 556.1, which requires that the trial court advise defendant of his sentencing exposure prior to accepting a guilty plea, became effective in 1997 and, therefore, was not applicable when defendant entered this 1996 plea. State v. Kelly, supra (citation omitted). Although the maximum sentence was not noted on the plea form, the plea form contained a paragraph, signed by the attorney, which acknowledged that defendant's attorney informed him of the maximum sentence the court could impose. Although it appears that defendant may have agreed to a longer sentence than he was actually sentenced *457 to, this inconsistency does not prevent the State from meeting its initial burden. The minute entry and plea form provide that defendant was represented by counsel and was advised of and waived his rights when pleading guilty.
State's Exhibit 4 contained a certified copy of Case No. 94-3508, which included a Bill of Information charging defendant as a convicted felon in possession of a firearm. For this charge, the predicate offense in the Bill of Information was simple burglary in Case No. 85-2633, which was not one of the links used for the multiple offender bill. It also contained a Boykin form and a minute entry. Defendant argues that the plea form is missing a signature of an attorney to show defendant was explained his rights. In State v. Cittadino, 628 So.2d 251, 254, n. 2 (La.App. 5 Cir.1993), this Court noted that a page was missing from the defendant's guilty plea form presented at the habitual offender hearing, which required the signature of the attorney; however, this Court recognized that the defendant was in fact represented by counsel after looking to the Boykin hearing. In the present case, although defendant's attorney failed to sign one page acknowledging that counsel believed defendant was entering his plea knowingly and voluntarily, the very next page contains a signature of defendant's attorney, which follows a similar acknowledgement: "I am entirely satisfied that the defendant knowingly, willingly, intelligently and voluntarily entered this plea of guilty knowing the consequences." The minute entry and plea form provide that defendant was represented by counsel and was advised of and waived his rights when pleading guilty.
State's Exhibit 6 consisted of items from Case No. 91-6315, including a Bill of Information, a Boykin form, and a minute entry regarding defendant's burglary conviction. However, defendant contends the Boykin form fails to provide the dates of the offenses. Additionally, defendant complains there are no initials next to the rights being waived.[5] In the present case, although defendant did not initial the rights he was waiving, defendant did sign the form, acknowledging that he was waiving the rights listed above. Further, despite defendant's contentions, the date of the offenses is found on the plea form. The minute entry and plea form provide that defendant was represented by counsel and was advised of and waived his rights when pleading guilty.
The State's exhibits show the existence of the three prior guilty pleas and that defendant was represented by counsel at all three pleas. Therefore, the State met its initial burden under Shelton of proving the existence of the pleas and defendant's representation by counsel. The burden then shifted back to defendant to prove "by affirmative evidence, an infringement of his rights or of a procedural irregularity." Defendant failed to meet his burden under Shelton. Defendant failed to present affirmative evidence of any infringement of his rights or procedural irregularities in the taking of his predicate pleas and, therefore, the burden never shifted to the State to prove the constitutionality of the predicate guilty pleas. Even assuming defendant met his burden in pointing out the procedural insufficiencies in the prior pleas, it appears that the defendant's predicate *458 guilty pleas were not constitutionally defective, and that the trial judge correctly found that the State met its burden of proving defendant was a fourth felony offender.
In his second Assignment of Error, the defendant contends the sentence imposed is excessive. He argues that his twenty-year sentence as a fourth felony offender is constitutionally excessive, is disproportionate to the crime and is a needless imposition of pain and suffering. The defendant further contends that the trial court failed to consider any mitigating factors of the offense. The State responds that the trial court imposed the sentence mandated by the Habitual Offender Statute, a mandatory minimum sentence presumed to be constitutional. The State further argues that defendant failed to offer a reason to justify deviating from the mandatory sentencing guidelines.
On March 20, 2003, defendant orally moved for a Motion to Reconsider Sentence, which was denied. Thereafter, on April 29, 2003, defendant filed a Motion to Reconsider Sentence, requesting the court to reconsider his sentence pursuant to La.C.Cr.P. art. 881.1 on the basis that the sentence imposed upon him was wholly excessive. Although defendant did not state specific grounds in objecting to the enhanced sentence imposed, a review of his sentence for constitutional excessiveness is not precluded.[6] Defendant argues the trial court failed to consider mitigating circumstances in sentencing defendant and that La.C.Cr.P. art. 894.1 sets forth criteria to be used by the trial court in its determination. However, this Court has recognized that compliance with the sentencing guidelines of La.C.Cr.P. art. 894.1 is not required when the sentence imposed is statutorily prescribed under the Habitual Offender Law. State v. Johnson, 01-0842 (La.App. 5 Cir. 2/13/02), 812 So.2d 106, 118, writ denied, 02-1037 (La.3/21/03), 840 So.2d 532 (citation omitted).
The Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence within the prescribed statutory limit can be reviewed for constitutional excessiveness. State v. Bailey, 04-85 (La.App. 5 Cir. 5/26/04), 875 So.2d 949, 960-961, writ denied, 04-1605 (La.11/15/04), 887 So.2d 476 (citing State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1, 4). When reviewing whether a sentence is excessive, the appellate court must consider the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. State v. Daigle, 96-782 (La.App. 5 Cir. 1/28/97), 688 So.2d 158, 159, writ denied, 97-0597 (La.9/5/97), 700 So.2d 506 (citations omitted).
The trial judge is given wide discretion in sentencing, and the appellate court will not set aside a sentence as excessive if the record supports the sentence imposed. State v. Jones, 98-1055 (La.App. 5 Cir. 2/23/99), 729 So.2d 95 (citation omitted). A reviewing court may not set a sentence aside absent a manifest abuse of discretion. State v. Guzman, 769 So.2d at *459 1167. The Louisiana Supreme Court has stated that the question presented when reviewing a defendant's sentence is not "whether another sentence would have been more appropriate but whether the trial court abused its broad sentencing discretion." State v. Jones, 99-2207 (La.1/29/01), 778 So.2d 1131, 1133 (per curiam) (citation omitted). Prior criminal activity, not limited to convictions, is one factor to be considered by the trial court when imposing a sentence. State v. McCorkle, 97-966 (La.App. 5 Cir. 2/25/98), 708 So.2d 1212, 1219 (citing State v. Washington, 414 So.2d 313, 315 (La.1982)).
Defense counsel now makes a Dorthey[7] argument asserting that a downward deviation from the mandatory sentence was warranted. If the trial judge determines that an enhanced punishment mandated by the Habitual Offender Law, La. R.S. 15:529.1, makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounts to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime," the court has the option and duty to reduce such sentence to one that would not be constitutionally excessive. State v. Dorthey, 623 So.2d at 1280.
Under the Habitual Offender Law, it is presumed that a mandatory sentence is constitutional. State v. Bailey, 875 So.2d at 961 (citations omitted). A court may only depart from the mandatory sentence if it finds clear and convincing evidence in the case to rebut the presumption of constitutionality. Id. It is the defendant's burden to rebut the presumption of constitutionality by demonstrating:
`He is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.'
State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676 (quoting State v. Young, 94-1636 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 528 (Plotkin, J., concurring), writ denied, 95-3010 (La.3/22/96), 669 So.2d 1223).
There must be substantial evidence to rebut the constitutionality presumption. "The trial court may not depart from the legislatively mandated minimum simply because of some subjective impression or feeling about the defendant." State v. Bell, 97-1134 (La.App. 5 Cir. 2/25/98), 709 So.2d 921, 927, writ denied, 98-0792 (La.9/16/98), 721 So.2d 477. It has been strongly emphasized by the Louisiana Supreme Court that downward departures from a mandatory minimum sentence should occur in rare situations. State v. Lindsey, 99-3256 c/w 99-3302 (La.10/17/00), 770 So.2d 339, 343, cert. denied, 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 663 (2001). The Legislature maintains the sole authority to define criminal conduct and provide penalties for that conduct. State v. Johnson, 709 So.2d at 675 (citations omitted). "[I]t is apparent that the Legislature's determination of an appropriate minimum sentence should be afforded great deference by the judiciary." Although courts have the power to declare these sentences excessive, this should only be done when the court is clearly and firmly convinced that the minimum sentence is excessive. Id. at 676. A trial judge cannot rely solely upon the non-violent nature of the present crime or of previous crimes to justify the rebuttal of the constitutionality presumption. Id. As stated in Johnson,

*460 Under this statute the defendant with multiple felony convictions is treated as a recidivist who is to be punished for the instant crime in light of his continuing disregard for the laws of our state. He is subjected to a longer sentence because he continues to break the law.
Id. at 677.
Defendant was sentenced to the mandatory minimum of twenty years without the benefit of parole, probation, or suspension of sentence after being adjudged a fourth felony offender. Defendant's predicate convictions were for robbery, felon in possession of a firearm, and burglary.
Under the multiple bill statute, La. R.S. 15:529.1(A)(1)(c), if the fourth or subsequent felony is such that, upon a first conviction the defendant would be punishable by imprisonment for any term less than his natural life then:
(i) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life ...
In light of defendant's extensive criminal history, we find that the trial court did not abuse its discretion in sentencing defendant. The defendant did not offer sufficient evidence to rebut the presumption that his enhanced sentence was constitutional and not excessive. The defendant argues that a twenty-year sentence for possessing a glass tube containing cocaine residue is excessive since he is accused of only smoking from the glass tube, not beating or stabbing someone with it. He further argues that such a sentence for such a small amount of cocaine is a needless imposition of pain and suffering. In State v. Johnson, 03-903 (La.App. 5 Cir. 12/9/03), 864 So.2d 645, 653, this Court, relying on State v. Robinson,[8] concluded that defendant had not made a showing of exceptional circumstances to justify a downward departure from the minimum sentence mandated by the Habitual Offender Statute when the defendant sought a downward departure on the grounds that the amount of narcotics (.01 grams) was small.
This Court has found that a twenty-year sentence for a defendant convicted of possession of cocaine and subsequently adjudicated a fourth felony offender is not excessive. See, State v. Bailey, 875 So.2d 949. In this case, defendant has failed to prove that a downward deviation from the mandatory minimum sentence is warranted. Accordingly, we find that the enhanced sentence imposed is not excessive.
In his third Assignment of Error, the defendant argues the trial court erred in imposing the sentence without benefit of parole. He argues that the trial court erred in denying parole eligibility to him as a fourth felony offender when the statute does not mandate denial of benefits. The State concurs that the sentence should be amended to delete the portion of the sentence denying defendant the benefit of parole.
The trial court imposed an illegal sentence when it improperly imposed defendant's enhanced sentence without the benefit of parole. Neither La. R.S. 15:529.1(A)(1)(c)(i), nor La. R.S. 40:967(C) provide that defendant's enhanced sentence be served without the benefit of parole. Accordingly, we amend defendant's sentence to allow for the possibility *461 of parole in accordance with the applicable sentencing provisions. See, State v. Bailey, 875 So.2d at 962 (citing State v. Chirlow, 99-142 (La.App. 5 Cir. 6/1/99), 738 So.2d 679, 684-685, writ denied, 99-1996 (La.1/7/00), 752 So.2d 176).
The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). This review reveals that the trial court failed to properly advise defendant of the prescriptive period for post-conviction relief as provided in La.C.Cr.P. art. 930.8. The trial court advised defendant that he had "two years to file for post conviction relief." Therefore, this matter is remanded to the trial court to properly inform defendant of the prescriptive period by sending defendant written notice within ten days of the rendition of the opinion and to file written proof in the record that defendant received such notice. See, State v. Knight, 01-881 (La.App. 5 Cir. 2/13/02), 811 So.2d 947, 951 (citation omitted).
For the foregoing reasons, the defendant's adjudication as a fourth felony offender and twenty-year sentence, as amended to include the possibility of parole, is affirmed. This matter is remanded to the trial court for the limited purpose of properly informing the defendant of the time period for seeking post-conviction relief.
SENTENCE AFFIRMED AS AMENDED; MATTER REMANDED.
NOTES
[1] "A failure to arraign the defendant or the fact that he did not plead, is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty." State v. Smith, 02-1018 (La.App. 5 Cir. 3/11/03), 844 So.2d 119, 126 (citing La.C.Cr.P. art. 555).
[2] It is noted that defendant was not sentenced on the underlying conviction in violation of La. R.S. 40:967(C). The Habitual Offender Statute does not mandate an original sentence be imposed prior to the imposition of an enhanced sentence. State v. Bell, 00-1084 (La.App. 5 Cir. 2/28/01), 781 So.2d 843, 845, n. 1, writ denied, 01-0776 (La.4/26/02), 813 So.2d 1098.
[3] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The three core rights enumerated in Boykin are "(1) right to trial by jury, (2) defendant's privilege against self-incrimination, and (3) his right to confront his accusers." State v. Robinson, 02-1253 (La.App. 5 Cir. 4/8/03), 846 So.2d 76, 85, writ denied, 03-1361 (La.11/26/03), 860 So.2d 1131.
[4] A writ (No. 2004-K-2798) was filed with the Louisiana Supreme Court on November 12, 2004. As of the writing of this opinion, there has been no action by the Supreme Court.
[5] The Fourth Circuit has recognized that the law does not require a defendant initial every line on which his rights are spelled out when the plea form does not create a space for the defendant's initials. State v. Robair, 622 So.2d 829, 831 (La.App. 4 Cir.1993). In State v. Robair, the court recognized that the minute entry stated that the trial court explained the Boykin rights to the defendant. Id. at 832.
[6] La.C.Cr.P. art. 881.1 requires that a Motion for Reconsideration of Sentence be made orally at the time of sentencing, or in writing, and that it set forth specific grounds on which the motion is based. The failure to state the specific grounds on which the motion is based precludes the defendant from raising issues relating to statutory errors or deficiencies in sentencing on appeal. However, the failure to comply with La.C.Cr.P. art. 881.1 does not preclude a review of defendant's sentence for constitutional excessiveness. State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839.
[7] State v. Dorthey, 623 So.2d 1276 (La.1993)
[8] State v. Robinson, 02-530 (La.App. 5 Cir. 10/29/02), 831 So.2d 460, 469, writ denied, 03-0100 (La.2/13/04), 867 So.2d 676.