CLARENCE E. McMANUS, Judge.
Defendant appeals his sentence as a third-felony offender. For the following reasons, we vacate his sentence and remand for hearing and resentencing.

STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

On August 2, 1999, at approximately 2:30 a.m., Deputy Scott Zemlik of the Gretna Police Department was working the night shift as a member of the Narcotics Bureau. Officer Zemlik was dressed in uniform and driving a marked patrol unit when he received a dispatch to a shoplifting incident at the EZ Serve located at 1625 Lafayette Street in Gretna. Officer Zemlik drove through the parking lot of the Piggly Wiggly Grocery and onto 21st Street in a westward direction. Officer Zemlik spotted a subject who met the description given at the time of the dispatch. The subject was walking west in the 500 block of 21st Street. According to Officer Zemlik, from his past experience, the officer knew this area to be an area of violent crime and narcotics. At the time he was first sighted, the subject was about 100 feet away from the officer.
Officer Zemlik first alerted the dispatcher of his activities and then exited his patrol unit, identified himself as a law enforcement officer, and ordered the subject to identify himself. The subject followed the officer’s instructions and proceeded to walk towards the patrol car. As he did this, the subject opened his left hand and a plastic baggie, containing an off-white rock substance, was dropped to the ground. Officer Zemlik positioned the defendant against the patrol car and then did a “pat-down” of the outer clothing of the subject. The officer next picked up the plastic baggie and field-tested the substance inside. The substance tested positive for cocaine. The subject was placed under arrest. Thereafter, Officer Zemlik drove the subject to the EZ Serve for identification on the shoplifting claim. The subject was not identified as the shoplifter. He was transported to police headquarters for processing on the drug charge. The substance *294 seized at the scene was later transported to the Jefferson Parish Crime Lab, where it tested positive for cocaine.
On August 18, 1999, defendant, Clarence Mays, was charged with possession of cocaine on August 2, 1999, in violation of LSA-R.S. 40:967(C). The bill was amended on October . 15, 2001 to indicate the alias of the defendant as “Clarence Savage.” On August 23, 2001, defendant was arraigned and entered a plea of not guilty to the charge. On September 6, 2001, pretrial motions for a preliminary examination and for discovery and a motion to suppress confession, identification and evidence were filed and set for hearing on September 10, 2001. There is no indication in the record that a hearing was held on the motion to suppress.
A six-person jury found defendant guilty as charged after a trial conducted on October 18, 2001. On October 24, 2001, the trial judge sentenced the defendant to a term of four years of imprisonment, with credit for time served. Defendant made an oral motion for appeal that day. The first of two written motions for appeal was also filed on that date and granted by the trial judge .on October 29, 2001. Also on that date, the State filed a multiple offender bill alleging that the defendant was a third-felony offender, and the defendant denied those allegations. LSArR.S. 15:529.1.
On December 4, 2001, defendant filed a Motion to Quash the Multiple Bill. On December 5, 2001, a hearing on the Multiple Bill was held and the defendant was found by the court to be a third-felony offender. On the same day, the trial judge vacated the original sentence and re-sentenced the defendant, as a third-felony offender, to life imprisonment, without benefit of parole, probation or suspension of sentence, but with credit for time served. On February 14, 2002, defendant filed a motion for reconsideration of sentence. The motion was heard that day and was denied. On February 15, 2002, the defendant filed a second written motion for appeal and it was granted.
DISCUSSION
On appeal, defendant argues that the State failed to show that the cleansing period had not run from appellant’s earliest predicate conviction. Defendant contends he was erroneously found to be a third-felony offender because the State failed to show that the ten-year period had not run between the time of his first and second predicate offenses, as required by La.R.S. 15:529.1(C).
At the hearing on the Multiple Bill, the State called Jefferson Parish Sheriffs Officer Patricia Adams, whom the parties stipulated to be an expert in latent fingerprints identification. Officer Adams testified that she took the defendant’s fingerprints that date in court. She testified that State’s Exhibit No. 1 was the fingerprint card upon which the defendant’s fingerprints were displayed. The officer also identified the defendant in court. Officer Adams also identified State’s Exhibit No. 2, in globo, which consisted of: (1) a certified copy of the bill of information, dated December 18, 1996, wherein defendant was charged with a December 4, 1996 simple burglary of an inhabited dwelling (R.S. 14:62.2), and this bill contained a set of fingerprints; (2) a certified copy of the completed Waiver of Rights and Guilty Plea form, dated February 24, 1997, and a certified copy of the minute entry which indicated that the defendant was sentenced to one year of imprisonment, without benefit of parole, probation or suspension of sentence, but with credit for time served.
Additionally, Officer Adams identified State’s Exhibit No. 3, in globo, which consisted of: (1) a certified copy of the bill of *295 information, dated January 9, 1980, wherein defendant was charged with a December 27, 1979 armed robbery (R.S.14:64); (2) a certified copy of the commitment, May 13, 1980, which indicated that the defendant was sentenced to 21 years of imprisonment at hard labor without benefit of parole, probation or suspension of sentence, but with credit for time served from December 27, 1979; and (3) a fingerprint card.
Officer Adams testified that she had examined the documents and, in particular, the three fingerprint displays, and it was her expert opinion that the fingerprints in each display came from the same person. She stated that her opinion was based upon a finding of 16 matches in the fingerprints. Thereafter, the State offered the documents into evidence, without objection. At the hearing on the Multiple Bill, the defendant argued that the State had failed to meet its burden of proof. In particular, defendant argued that since the first conviction occurred in 1980, it was incumbent upon the State to prove that not more than ten years had elapsed since his release for custody, which the State did not do.
The State responded that the defendant was found guilty of armed robbery on March 24, 1980 and sentenced to 21 years of imprisonment at hard labor. The State argued that, subsequent to that, defendant was convicted on February 24, 1997 for burglary of an inhabited dwelling and given one-year of imprisonment as a sentence.
Over defendant’s objection, the trial judge then made the following pertinent findings regarding the Multiple Bill:
THE COURT:
All right, gentlemen. The Court has considered the evidence offered in this matter, the arguments of counsel, and I take notice of the State’s Exhibit 3, as well as the other exhibits, and in consideration of the argument by defense, I take notice of the commitment in connection with this matter as well as provisions of Revised Statute 15:529.1. And the Court finds that the State has met its burden of proof with respects [sic] to this matter....
Predicate convictions from 1980 and 1997 were used to enhance the defendant’s sentence in this case. In this case, defendant concedes that the ten-year period applies. The current period of ten years went into effect in 1995. The period to be applied is the one in effect at the time defendant committed the last of the offenses used to enhance the sentence, because a habitual offender proceeding does not charge a new crime, but is merely a method of increasing the punishment of habitual offenders. State v. Harbor, 01-1261, at p. 9 (La.App. 5 Cir. 4/10/02), 817 So.2d 223 (citing State v. Smith, 00-1935 (La.App. 5 Cir. 5/30/01), 794 So.2d 41).
In the present case, the conviction on the first offense (an armed robbery), used for Multiple Bill enhancement purposes, occurred on March 24, 1980. The second offense (simple burglary of an inhabited dwelling), used for Multiple Bill enhancement purposes, was committed on December 4,1996.
Since more than ten years elapsed between the time of the conviction of the first offense and the commission of the second offense, used for enhancement purposes, it was incumbent upon the State to prove the defendant’s actual discharge date for the first offense. There is nothing in the record to show the date of the defendant’s discharge from state supervision on the first offense. Therefore, the State did not meet its burden of proof in this case in showing defendant was a third-felony offender.
*296 Based on the foregoing, the defendant’s sentence as a third-felony offender should be vacated and the case remanded to the district court for further proceedings.
CONCLUSION
Based on the foregoing, we vacate defendant’s sentence and remand for a hearing and resentencing.
SENTENCE VACATED; REMANDED FOR FURTHER PROCEEDINGS.