917 So.2d 1185 (2005)
STATE of Louisiana
v.
Clarence MAYS a/k/a Clarence Savage.
No. 05-KA-116.
Court of Appeal of Louisiana, Fifth Circuit.
November 29, 2005.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, *1186 Thomas S. Block, Assistant District Attorneys, Twenty-Fourth Judicial District, Parish of Jefferson, Gretna, Louisiana, for Plaintiff/Appellee.
Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
THOMAS F. DALEY, Judge.
On August 18, 1999, the defendant, Clarence Mays a/k/a Clarence Savage, was charged in a Bill of Information with possession of cocaine in violation of La. R.S. 40:967(C). He was found guilty as charged and was sentenced to four years. State v. Mays, 02-448, p. 3 (La.App. 5 Cir. 10/16/02), 831 So.2d 292, 294. Thereafter, the State filed a multiple offender Bill of Information alleging the defendant to be a third felony offender. After a hearing, the defendant was found to be a third felony offender and was sentenced to life imprisonment. Id.
In the defendant's first appeal, this Court vacated his enhanced life sentence after determining the State did not meet its burden of proof in showing the defendant was a third felony offender. Specifically, this Court found more than ten years had elapsed between the defendant's conviction for the first predicate offense and the commission of the second predicate offense and concluded the State failed to prove the defendant's discharge date from the first predicate offense. Id., at 295-296.
On remand, the trial court held a second multiple bill hearing on February 13, 2003. After taking the matter under advisement, the trial court ruled on February 20, 2003 and found the State failed to prove the defendant's status as a third felony offender. However, the trial court found the evidence adequately showed the defendant was a second felony offender and sentenced the defendant to five years as a multiple offender.
The State subsequently filed a second multiple offender Bill of Information on March 24, 2003 again alleging the defendant to be a third felony offender based on the same two predicate offenses listed in the original multiple bill. The defendant filed a Motion to Quash the second multiple bill, which was denied after a hearing. Both this Court and the Louisiana Supreme Court denied writs from the denial of the Motion to Quash. A third multiple bill hearing was held on October 6, 2004 at which time the defendant was found to be a third felony offender and sentenced to life imprisonment without the benefit of parole, probation, or suspension of sentence.
In his second appeal, the defendant appeals the denial of his Motion to Quash the second multiple bill and the excessiveness of his life sentence as a third felony offender. In addition, the defendant asks for an error patent review.
The facts surrounding the defendant's conviction for the underlying offense of possession of cocaine were summarized in State v. Mays, supra at 293-294, as follows:
On August 2, 1999, at approximately 2:30 a.m., Deputy Scott Zemlik of the Gretna Police Department was working the night shift as a member of the Narcotics Bureau. Officer Zemlik was dressed in uniform and driving a marked patrol unit when he received a dispatch to a shoplifting incident at the EZ Serve located at 1625 Lafayette Street in Gretna. Officer Zemlik drove through the parking lot of the Piggly Wiggly Grocery and onto 21st Street in a westward direction. Officer Zemlik *1187 spotted a subject who met the description given at the time of the dispatch. The subject was walking west in the 500 block of 21st Street. According to Officer Zemlik, from his past experience, the officer knew this area to be an area of violent crime and narcotics. At the time he was first sighted, the subject was about 100 feet away from the officer.
Officer Zemlik first alerted the dispatcher of his activities and then exited his patrol unit, identified himself as a law enforcement officer, and ordered the subject to identify himself. The subject followed the officer's instructions and proceeded to walk towards the patrol car. As he did this, the subject opened his left hand and a plastic baggie, containing an off-white rock substance, was dropped to the ground. Officer Zemlik positioned the defendant against the patrol car and then did a "pat-down" of the outer clothing of the subject. The officer next picked up the plastic baggie and field-tested the substance inside. The substance tested positive for cocaine. The subject was placed under arrest. Thereafter, Officer Zemlik drove the subject to the EZ Serve for identification on the shoplifting claim. The subject was not identified as the shoplifter. He was transported to police headquarters for processing on the drug charge. The substance seized at the scene was later transported to the Jefferson Parish Crime Lab, where it tested positive for cocaine.
In his first Assignment of Error, the defendant argues that the trial court should have granted the Motion to Quash.
The defendant argues the trial court erred in denying his Motion to Quash the second multiple Bill of Information on the ground of res judicata, or the fact he had already been adjudicated a second felony offender and sentenced as such before the second multiple bill was filed. He acknowledges the jurisprudence that states the principle of res judicata does not apply to multiple offender proceedings, but contends the Louisiana Supreme Court's decision in State v. Hill, 340 So.2d 309 (La.1976), supports his position that res judicata applies in this particular case. The State responds it has significant latitude in pursuing a multiple bill and contends that it can retry a multiple bill if it is able to cure the noted defects.
In this case, the defendant was convicted of possession of cocaine by a six-person jury on October 18, 2001. On October 24, 2001, the State filed a multiple offender Bill of Information alleging the defendant was a third felony offender. A hearing was held on December 5, 2001 and the defendant was found to be a third felony offender. On appeal, this Court vacated the defendant's sentence as a multiple offender stating:
Since more than ten years elapsed between the time of the conviction of the first offense and the commission of the second offense, used for enhancement purposes, it was incumbent upon the State to prove the defendant's actual discharge date for the first offense. There is nothing in the record to show the date of the defendant's discharge from state supervision on the first offense. Therefore, the State did not meet its burden of proof in this case in showing defendant was a third-felony offender.
State v. Mays, 02-448 (La.App. 5 Cir. 10/16/02), 831 So.2d 292, 295. The matter was remanded for a hearing and resentencing.
On remand, a second multiple bill hearing was held on February 13, 2003. The State introduced the testimony of Lieutenant Patricia Adams who testified the defendant's *1188 fingerprints matched those fingerprints in the certified copy of records in Docket Nos. 80-66 and 96-7458, Exhibits S-2 and S-3, which related to armed robbery and simple burglary. The State then offered Exhibit S-4, which was a certified copy of records from the Department of Corrections, also known as a "pen pack," as prima facie evidence, pursuant to La. R.S. 15:529.1(F), of the imprisonment of the defendant on May 13, 1980 and his discharge on August 1, 1983 in connection with Docket No. 80-66, or the armed robbery conviction. The defendant objected to the admission of Exhibit S-4 because it did not contain a photograph of the defendant and, therefore, did not comply with the statutory requirements of La. R.S. 15:529.1(F). The trial court took the matter under advisement.
Seven days later, on February 20, 2003, the trial court found the State failed to prove the defendant was a third felony offender, but determined the evidence sufficiently proved the defendant was a second felony offender. The trial court specifically ruled the "pen pack" the State had offered to prove the defendant's discharge date from his armed robbery conviction, Exhibit S-4, was inadmissible because the State failed to include a photograph of defendant as required by La. R.S. 15:529.1(F). The trial court explained the release date was critical to the State's case because on the face of the multiple bill it appeared the cleansing period had expired. The trial court stated it found the defendant was a second felony offender based on his underlying conviction and his predicate conviction for simple burglary. The trial court expressly referred to the 10-year cleansing period and noted a failure as to the armed robbery predicate. The trial court then vacated the defendant's original four-year sentence and resentenced him as a second felony offender to five years without probation or suspension of sentence.
The State objected and orally noticed its intent to take a writ and its intent to re-file the multiple bill alleging the defendant to be a third felony offender. The trial court gave the State until March 20, 2003 to file its writ. The State never filed a writ, but instead filed a new multiple bill on March 24, 2003.
The defendant filed a Motion to Quash the new multiple bill on the basis he had already been adjudicated and sentenced as a second felony offender. The motion was denied after a hearing on October 20, 2003. The defendant took a writ to this Court, which was denied on December 10, 2003. In denying the writ, this Court cited State v. Denis, 96-2706 (La.4/25/97), 692 So.2d 1055 and stated "[r]elator has adequate remedy on appeal in the event of an adverse judgment."[1] The defendant then took a writ to the Louisiana Supreme *1189 Court which was denied on September 24, 2004 by a vote of four to three.
On October 6, 2004, a hearing was held on the second multiple bill filed after the defendant was already adjudicated as a habitual offender. Thereafter, the trial court found the defendant to be a third felony offender, vacated its previous sentence, and resentenced the defendant to life imprisonment without the benefit of parole, probation or suspension of sentence.
As previously stated, the defendant argues in his Motion to Quash the second Bill of Information should have been granted on the basis of res judicata. In State v. Dorthey, 623 So.2d 1276 (La.1993), the Louisiana Supreme Court stated that the legal principle of res judicata does not apply to multiple offender proceedings. The Supreme Court stated that the Habitual Offender statute is simply an enhancement provision and explained that the ruling at a multiple offender hearing is not "a definitive judgment," but merely "a `finding' ancillary to the imposition of sentence." Id. at 1279, quoting State v. Stott, 395 So.2d 714 (La.1981). However, in two prior cases, the Louisiana Supreme Court has suggested that under certain circumstances a subsequent multiple offender proceeding might be barred.
In the first case, State v. Hill, 340 So.2d at 312 (La.1976), the trial court initially determined the defendant was "not guilty as a multiple offender" on the basis the documents presented by the State, as allowed by La. R.S. 15:529.1(F), were not properly authenticated. Less than one month later, the State filed a second identical Bill of Information. The defendant filed a Motion to Quash on the basis of res judicata, which was granted by the trial court. The State appealed the granting of the Motion to Quash.
The Supreme Court reversed the granting of the Motion to Quash explaining:
A hearing on a multiple offender bill is a trial in only a very broad sense. It is more pertinently an inquiry into defendant's prior criminal conviction or convictions, as part of the sentencing process. Technical inadequacies in the state's documentation at such `trial' mandates a negative determination by the court. On the other hand, such a determination is not a conclusive one `on a fact distinctly put in issue,' as is the case where, relative to prosecution for Commission of a criminal offense, there is a judgment that defendant be freed `as a matter of substantive law'.
State v. Hill, supra at 312. Although the Hill court ultimately held res judicata was inapplicable to bar the second multiple bill, it expressly stated:
We do not mean to suggest there can be no ruling of any character on the trial of a multiple offender bill which is entitled to finality in the res judicata sense, such for instance, as a ruling that `more than five years have elapsed since expiration of the maximum sentence or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he had been convicted.' R.S. 15:529.1(C).....
A court determination, favorable to a defendant that a given earlier offense was legally stale or that described convictions were suffered by a person other than defendant, just might as a matter of law be entitled to finality and be the proper subject of res judicata.
Later, in State v. Stott, 395 So.2d 714 (La.1981), the Supreme Court again suggested that under certain circumstances a subsequent multiple offender proceeding might be barred. In Stott, the State filed a multiple bill alleging the defendant was a third offender. After a hearing, the trial *1190 court determined that the defendant was not a multiple offender. The State moved to re-open the multiple offender hearing arguing that the trial court erred in its ruling and pointed out that the underlying crime was committed within five years of the defendant's discharge from custody. The trial court subsequently reversed its former ruling and found defendant to be a multiple offender.
The Stott court held the trial court had initially made an error of law in failing to find the defendant was a multiple offender. The court noted that at the subsequent hearing the error was pointed out to the trial court, which then reversed its position. Noting that "[t]he ruling of the court in an habitual offender proceeding is not a definitive judgment as is required before res judicata can apply," the Supreme Court held that the trial court was not barred by res judicata from reversing its position. Id., at 718. The Stott court stated that the finding of the trial court was not conclusive prior to sentencing. However, it noted that "[i]f sentence had been imposed after the first hearing, the result might be different ..." Id.
In the present case, the defendant was found to be a second offender and was sentenced as a multiple offender prior to the re-filing of the second identical multiple bill. As suggested by Stott, the actual imposition of an enhanced sentence under La. R.S. 15:529.1 prevents the filing of a second multiple bill based on the same underlying offense and predicate convictions as the first multiple bill.
As explained by the Hill court, "[p]rinciples of res judicata dictate that a fact or matter distinctly put in issue and directly determined by a court of competent jurisdiction cannot thereafter be disputed between the same parties." State v. Hill, supra at 312. Res judicata affords a finality to judgments. The imposition of a sentence has the effect of finality on a proceeding as evident from the long-standing jurisprudence that a conviction cannot be appealed as a final judgment until a sentence has been imposed. State v. Chapman, 471 So.2d 716 (La.1985). Although a determination of multiple offender status is not a "conviction", the actual imposition of an enhanced sentence compels a necessary finality of the multiple offender proceedings and affords the determinations of the trial court a sense of definitiveness. Had the State wished to challenge the determination that the defendant was a second offender as opposed to a third offender, the correct procedural remedy would be to file a Motion for Appeal or a Motion to Reconsider Sentence. We, therefore, reverse the denial of the Motion to Quash the Third Habitual Offender Bill and vacate the life sentence and reinstate the defendant's sentence as a second felony offender. As previously imposed by the trial court, defendant, Clarence Mays a/k/a Clarence Savage, is sentenced to five years with DOC without benefit of probation or suspension of sentence.
In his second Assignment of Error, the defendant argues that trial court imposed an illegally excessive sentence as the "three-strikes" law in effect at the time of the sentencing did not permit a life sentence for an accused with his conviction record. Based on this Court's disposition of the first Assignment of Error the second Assignment of Error is moot.
A review of the record for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), reveals no errors in this case.
REVERSED AND RENDERED.
NOTES
[1] In State v. Denis, supra, the Louisiana Supreme Court reinstated the defendant's sentence as a fourth offender noting that "principles of res judicata or double jeopardy do not preclude the State in a single prosecution from adjudicating the defendant a third offender and then adjudicating him a fourth offender in a subsequent proceeding on the basis of a conviction and documentary evidence not used previously to determine his multiple offender status."

The Supreme Court cited State v. Hill, 340 So.2d at 312 (La. 1976), and stated:
To the extent that "[a] hearing on a multiple offender bill is a trial in only a very broad sense .... [and] is more pertinently an inquiry into defendant's prior criminal conviction or convictions, as part of the sentencing process....," technical deficiencies in the state's documentation may require a negative determination by the court but do not preclude relitigation of the defendant's multiple offender status at a subsequent hearing.