340 So.2d 309 (1976)
STATE of Louisiana
v.
Elijah HILL.
No. 57998.
Supreme Court of Louisiana.
November 8, 1976.
*310 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William L. Brockman, Asst. Dist. Atty., for plaintiff-appellee.
Clement F. Perschall, New Orleans, for defendant-appellant.
CALOGERO, Justice.
We granted writs in this case on application of the state. The state complains that the trial court erred in granting a motion to quash a bill of information which recited that defendant is a multiple offender and should have his sentence enhanced under the provisions of La.R.S. 15:529.1.
The motion to quash urges res judicata and/or autre fois acquit.
The issue arose in this manner. Defendant waived jury trial, was tried and found guilty of the crime of possession of heroin in violation of R.S. 40:966. He was sentenced to serve ten years imprisonment at hard labor on November 26, 1975. On that same date, the state filed a bill of information (a multiple bill) charging that he had been convicted of four prior felonies.
On February 11, 1976 the court took the matter up and determined that the defendant was "not guilty as a multiple offender" for the reason that the documents presented by the state, as allowed by R.S. 15:529.1(F) were not properly authenticated as required by that statute and our decision in State v. Washington, 322 So.2d 185 (La.1975).
Within less than a month thereafter (on March 4, 1976) the state filed a second identical bill of information, again charging defendant as a multiple offender (four felony convictions are recited prior to the heroin possession conviction). It was to this re-billing that defendant filed the motion to quash. The granting of the motion by the trial court on March 30, 1976 is under review at this time.
The sole issue before us is whether the state may re-multiple bill a defendant under the circumstances hereinabove related without doing violence to the concept of res judicata (and/or autre fois acquit).
There had existed a minority view in the jurisprudence of this country which denied applicability of the doctrine of res judicata to judgments in criminal cases. 147 A.L.R. 994.
That vie'w was apparently followed in Louisiana in the case of Town of St. Martinville v. Dugas, 158 La. 262, 103 So. 761 (1925), wherein this Court stated that in Louisiana "the doctrine of res judicata does not apply to criminal prosecutions." However, since 1956 and the decision in State v. Latil, 231 La. 551, 92 So.2d 63 (1956) it has been evident that in this state res judicata does have a place in the criminal law. In that case, this Court, in reviewing the sustaining of the motion to quash an identical subsequently-filed bill of information, held that a ruling sustaining a plea of prescription *311 had terminated a prosecution for possession of narcotic drugs. That court stated:
"It is obvious, therefore, that whether you label defendant's motion a plea in bar, a plea of res judicata, or an estoppel, (see United States v. Carlisi, D.C., 32 F.Supp. 481; United States v. Halbrook, D.C., 36 F.Supp. 345; United States v. Morse, D.C., 24 F.2d 1001; United States v. Simon, 3 Cir., 225 F.2d 260), as was so aptly stated by Mr. Justice Holmes in the Oppenheimer case, `one judgment that he is free as a matter of substantive law is as good as another. A plea of the statute of limitations is a plea to the merits * * *, and however the issue was raised in the former case, after judgment upon it, it could not be reopened in a later prosecution. * * * The safeguard provided by the Constitution against the gravest abuses has tended to give the impression that when it did not apply in terms, there was no other principle that could. But the 5th Amendment was not intended to do away with what in the civil law is a fundamental principle of justice (Jeter v. Hewitt, 22 How. 352, 364, 16 L.Ed. 345, 348) in order, when a man once has been acquitted on the merits, to enable the government to prosecute him a second time.' United States v. [Oppenheimer, 242 U.S. 85, 37 S.Ct. 68, 69, 61 L.Ed. 161]."
The foregoing jurisprudence, however, does not resolve the question posed in this case. We must here examine the nature of the court's ruling finding defendant not guilty as a multiple offender.
R.S. 15:529.1(D) provides essentially that after the district attorney has filed a bill of information "accusing (a) person of a previous conviction," the court shall cause the person to be brought before it, "shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof," and "shall require the offender to say whether the allegations are true." If the defendant "denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a date to inquire whether the offender has been convicted of a prior felony or felonies, . . . ." If the judge finds that he has been convicted of the prior felony or felonies "the court shall sentence him to the punishment prescribed" in the statute, and shall vacate the previous sentence if already imposed.
It is apparent from the language of the statute that the bill of information "accusing the person of a previous conviction" is not a charge of a criminal offense which is subject to our Louisiana and federal constitutional bans on double jeopardy.[1] And this Court has so held that principles of double jeopardy do not apply to multiple offender bills of information. State v. Bullock, 329 So.2d 733 (La.1976); State v. Williams, 322 So.2d 177 (La.1975); State ex rel. Williams v. Henderson, 289 So.2d 74 (La.1974); State v. Boatner, 304 So.2d 661 (La.1974). We have also made it clear that a multiple bill proceeding is in the nature, merely, of an enhancement of penalty rather than of a prosecution for a crime. State v. James Williams, 326 So.2d 815 (La.1976); State v. Willie Alexander, Jr., 325 So.2d 777 (La.1976); State v. Jackson, 298 So.2d 777 (La.1974).
What we have in the case at bar is a hearing at which the trial judge as per R.S. 15:529.1(D) "inquired into" whether the defendant had been convicted of prior felonies, and "tried" defendant as to the truth of the content of the multiple bill. Finding the state's evidence of the prior convictions insufficient simply because the submitted documents had not been properly authenticated, and notwithstanding indication that *312 defendant was nonetheless probably a quadruple offender,[2] the court, while finding defendant "not guilty," in effect determined that defendant could not, at that time at least, have his sentence enhanced.
Principles of res judicata dictate that a fact or matter distinctly put in issue and directly determined by a court of competent jurisdiction cannot thereafter be disputed between the same parties, and, as earlier indicated, res judicata is applicable in criminal prosecutions.
A hearing on a multiple offender bill is a trial in only a very broad sense. It is more pertinently an inquiry into defendant's prior criminal conviction or convictions, as part of the sentencing process. Technical inadequacies in the state's documentation at such "trial" mandates a negative determination by the court. On the other hand, such a determination is not a conclusive one "on a fact distinctly put in issue," as is the case where, relative to prosecution for commission of a criminal offense, there is a judgment that defendant be freed "as a matter of substantive law" (State v. Latil, supra).
We hold therefore, that res judicata is not applicable here.
We do not mean to suggest that there can be no ruling of any character on the trial of a multiple offender bill which is entitled to finality in the res judicata sense, such for instance, as a ruling that "more than five years have elapsed since expiration of the maximum sentence or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he had been convicted." R.S. 15:529.1(C). Then, too, there might arise a case in which there is put at issue, and seriously contested, whether the defendant is in fact the identical person whose convictions, properly proven, are described in a multiple bill, and in a re-multiple bill.
A court determination, favorable to a defendant that a given earlier offense was legally stale or that described convictions were suffered by a person other than defendant, just might as a matter of law be entitled to finality and be the proper subject of res judicata. We need not, however, answer that question in this case.
Accordingly, the trial court's granting of defendant's motion to quash the multiple offender bill is reversed and the case is remanded to the district court for further proceedings.
REVERSED AND REMANDED.
MARCUS, J., concurs.
NOTES
[1] Article I, § 15, Louisiana Constitution of 1974 provides:

"No person shall be twice placed in jeopardy for the same offense . . . ."
The Fifth Amendment to the United States Constitution provides:
". . . Nor shall any person be subject for the same offense to bei[ng] twice put in jeopardy of life or limb."
[2] The trial judge stated:

"That's the situation we have here; where we have documents that have not been properly authenticated, but which certainly point up that the defendant is at least a quadruple offender under the law . . . ."