GUIDRY, Judge.
' This is an appeal by the defendant, de-vanee Cormier, from a judgment declaring him to be an habitual offender as defined by LSA-R.S. 32:1472 and ordering him to surrender all licenses permitting operation by him of a motor vehicle on the highways of the State of Louisiana. We affirm.
The defendant predicates reversal on three specifications of error:
(1) The rule nisi issued by the trial court on motion of the State of Louisiana did not comply with the provisions of LSA-R.S. 32:1475;
(2) The trial court erred in refusing to recognize defendant’s privilege against self incrimination; and
(3) The trial court erred when it refused to sustain defendant’s plea of res ju-dicata.
COMPLIANCE WITH LSA-R.S. 32:1475
Pursuant to the habitual offender statute (LSA-R.S. 32:1471 et seq.), the Department of Public Safety certifies a record of convictions to the appropriate District Attorney when a licensed driver accumulates a certain number of prescribed convictions within a period of five years. Upon receipt by the District Attorney of this certified abstract of record he is required to file a petition requesting that the court determine whether or not the person named therein is an habitual offender. Upon the filing of the petition the court is required by the provisions of LSA-R.S. 32:1475 to issue a rule nisi directing the defendant to show cause why he should not be adjudged an habitual offender. LSA-R.S. 32:1475 provides in pertinent part as follows:

“Upon the filing of the petition (as specified in R.S. 32:1474), the criminal district court shall enter an order incorporating by attachment the aforesaid abstract (R.S. 32:1473) and directed to the person named therein to appear in court within ten days and show cause why he should not be barred from operating a motor vehicle on the highways of this state. A copy of the petition, the show cause order and the abstract shall be served upon the person named therein in the manner prescribed by law for the service of process. ”

Appellant complains that the instant proceeding is null because the abstract was not incorporated in the court’s order by attachment. In other words, defendant complains that since the abstract was not physically attached to the court’s order, but rather to the District Attorney’s petition, the entire proceeding is null. We disagree.
*450 The record reflects that upon filing of the petition the State of Louisiana attached thereto as Exhibit “A” the abstract received from the Department of Public Safety. The court’s order, which is attached to the petition, begins with the following language, “The foregoing premises considered”. The quoted language clearly incorporates the petition for a rule nisi together with all exhibits attached thereto in the court’s order. (LSA-C.C.P. Article 853). In addition we observe that the record reflects service on defendant of the petition, abstract and order of court. Suffice it to say that the record reflects full compliance with LSA-R.S. 32:1475.
DID THE TRIAL COURT ERR IN REFUSING TO RECOGNIZE DEFENDANT’S PRIVILEGE AGAINST SELF-INCRIMINATION?
Defendant’s counsel objected to his being questioned regarding his prior convictions as reflected by the abstract contending that this was violative of his constitutional right against self-incrimination. The learned trial judge overruled counsel’s objection and required defendant’s answer to the questions propounded. Appellant complains that this was error. We disagree.
We considered this identical issue in State v. Free, 321 So.2d 50 (La.App. 3rd Cir. 1975), writ refused, 325 So.2d 272, and there stated:

“Free’s counsel objected to the district attorney questioning his client under cross-examination, contending his client could not be required to testify against himself. This is a civil proceeding involving Louisiana’s civil right to protect motorists from those who have become habitual offenders of serious driving offenses which justifiably question their ability to properly use their right to drive on the highways. The rights of the general driving public are superior to the privilege Louisiana extended to Free to drive on the highways. When the issue is presented as to whether Free abided with the conditions required of those licensed to use Louisiana’s highways, he is subject to cross-examination just as he is subject to cross-examination in civil proceedings involving damages he may have caused.”

RES JUDICATA
Appellant lastly argues that the court erred by refusing to sustain an exception of res judicata based upon a prior judgment from the same district court, the 14th Judicial District Court, Suit No. 78-2040, granting the defendant a restricted license to drive to and from work. This prior judgment was entered in accordance with the provisions of LSA-R.S. 32:415.1, permitting court issuance of a restricted driving permit in hardship cases where the individual’s license has been suspended or revoked for the first time only under R.S. 32:414(B), (C), (D), (E), and R.S. 32:415.
In Louisiana, for the doctrine of res judicata to apply, the thing demanded must be the same; the demand must be founded on the same cause of action; and, the demand must be between the same parties, and formed by them against each other in the same quality. LSA-C.C. Articles 2286 and 3556. It is obvious that the instant action is not barred by the trial court judgment above referred to under the doctrine of res judicata for the relief sought is not the same; the demand is not founded oh the same cause of action and the suit, although between the same parties is not formed by them against each other in the same quality.
For the above and foregoing reasons the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.