439 So.2d 1266 (1983)
Elliott P. BOISDORE
v.
Ben BRIDGEMAN, Mary Bryant and Janet Raineri.
No. 83-CA-352.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1983.
Rehearing Denied November 17, 1983.
Writ Denied January 27, 1984.
Satterlee, Mestayer & Freeman, A.D. Freeman, New Orleans, for plaintiff-appellant.
John M. Holahan, New Orleans, for defendants-appellees.
*1267 Before CHEHARDY, BOWES and CURRAULT, JJ.
CHEHARDY, Judge.
Elliott Boisdore instituted this suit for writs of quo warranto and mandamus to direct defendants to show by what authority they claimed to be officers, directors and/or stockholders of Gilted Wood, Inc., and to prohibit them from exercising any authority in that corporation.
Plaintiff sought to have himself recognized as president and sole shareholder, and to have stockholders' meetings on March 19 and April 30, 1982 declared null and void.
The defendants, attorney Ben Bridgeman; Janet Raineri, his secretary; and Mary Bryant, filed answers in the form of a general denial and an exception of res judicata, claiming Boisdore owned only one-third of the corporation, as determined in a prior suit.[1]
Following trial, judgment was rendered maintaining the exception and ordering Bridgeman and Raineri to furnish plaintiff with an accounting of the creditors and debtors of the corporation and the nature and extent of such obligations. The meeting of March 19, at which Bridgeman was elected president and Raineri secretary of the corporation, was held valid. The meeting of April 30, 1982, and the resolutions adopted therein, were declared invalid.
Plaintiff has appealed.
The record reflects the following facts:
In 1979 Boisdore, a real estate broker, was managing property located at 1615 Governor Nichols Street in the City of New Orleans consisting of 24 rental units. The property was run down and in need of total renovation.
Plaintiff, aware of the incentives to renovate substandard housing offered by the City and the federal government in the form of subsidies and grants, wanted to purchase the property and renovate it. He contacted Bridgeman, to form a corporation to carry out this objective.
Gilted Wood, Inc., was thus formed on August 10, 1979. Boisdore was named president and all of the stock of the corporation (100 shares of no par value) was issued in his name. He endorsed the certificates in blank and executed separate assignments of the shares immediately thereafter.
Plaintiff claims he did not realize he was signing an assignment, but thought his signature was only necessary so the stock could be pledged when financing was secured.
According to Bridgeman, Boisdore put up no money, but was to receive one-third of the corporation in return for finding the property, securing the government subsidies and low-interest loan, carrying out the renovations, collecting the rents, and managing the property thereafter. Bridgeman, in return for rendering legal services and finding investors, was to receive one-third ownership of the corporation.
Bridgeman interested Mrs. Bryant in the project and she invested $75,000, enabling the corporation to purchase the property and to begin the work.[2] In return for her investment defendants claim Mrs. Bryant became owner of the other one-third of the corporation. No other investors were found.
The renovations were completed by Boisdore after the government grants and loans were secured, and he assumed management of the project, but the corporation soon encountered financial difficulties.
Mrs. Bryant was concerned because she had not been repaid, and Boisdore and Bridgeman had a conflict over various expenditures. When the parties were unable to resolve their differences, Boisdore filed the prior suit against Gilted Wood, Inc., *1268 seeking involuntary liquidation of the corporation and to be named sole owner.
The trial court dismissed that suit with prejudice. It found no ground to compel a liquidation, and determined that plaintiff owned only one-third of the corporation. No appeal was taken from that judgment. Instead, plaintiff thereafter filed this suit for quo warranto and mandamus.
In this court appellant contends the trial court erred in: (1) maintaining the exception of res judicata; (2) maintaining the validity of the shareholders' meeting of March 19, 1982; (3) failing to determine the officers, directors and/or shareholders, and the extent of their participation in the corporation; and (4) failing to exercise its equity jurisdiction, even though not requested to do so, to appoint a temporary receiver and freeze the activities of the corporation "pending a determination of the propriety of the actions of all individuals involved since the inception of the corporation and the acquisition of the complex."
We agree that maintaining an exception of res judicata is incorrect where two suits fail to meet the three necessary requirements to support such finding, namely, the thing demanded, the parties concerned, and the cause must be the same. See LSA-C.C. arts. 2286, 3556; Randall v. Jena Wire and Cable Co., 415 So.2d 564 (La.App. 3d Cir.1982); First Guaranty Bank v. Durham, 409 So.2d 380 (La.App. 4th Cir. 1982); State v. Cormier, 378 So.2d 448 (La. App. 3d Cir.1979).
Nevertheless plaintiff is estopped from relitigating his ownership of the corporation in this suit since he failed to appeal from the prior judgment. The res judicata exception in the instant case is simply mislabeled.
Furthermore Boisdore confirmed that his ownership was limited to one-third of the corporation in a letter written to interest prospective investors, as follows:
 "3443 Esplanade Avenue
 New Orleans, Louisiana 70119
 September 13, 1979
 TO WHOM IT MAY CONCERN:
 IN RE: Gilted Wood, Inc.
 Stock Ownership
This is to certify that I, Elliott P. Boisdore, was the incorporator and President of said corporation.
The stock book reflects that all shares were issued to me, and belong solely to me.
This is to further certify that, in truth and in fact, I am the owner of 33 1/3% of said corporation. The other 66 2/3% is owned by investors obtained for this project by Ben Daly Bridgeman.
 Very truly yours,
 /s/ Elliott P. Boisdore
 Elliott P. Boisdore"
Appellant's brief was directed to the exception of res judicata, and offered no support for his other contentions. Nevertheless, we have considered the remaining arguments.
Plaintiff complains he was not notified of the stockholders' meeting 10 days prior thereto, as provided by law and the articles of the corporation. On March 10 the notice was sent to plaintiff's office by certified mail for the meeting which was to be held on March 19, 1982.
Plaintiff attended the meeting, did not complain, and participated in the vote wherein Bridgeman and Raineri were elected officers. His attorney was also present. Under the circumstances, plaintiff cannot now attack the validity of the action taken at that meeting. See Simon Borg & Co. v. New Orleans City R. Co., D.C. 1917, 244 F. 617.
We likewise find no duty on the part of the trial court to appoint a temporary receiver, or to freeze the activities of the corporation. In the absence of such a request and in view of the evidence offered, the court would have been remiss in taking such action.
We hold these arguments have no merit and do not warrant further consideration.
Plaintiff's principal purpose in this suit appears to be to relitigate his ownership in the corporation. That matter was set to *1269 rest in the prior suit. He cannot reurge the issue here.
For the reasons assigned the judgment is amended to delete the misnomer "res judicata", and affirmed insofar as it acknowledges plaintiff's ownership as one-third of the corporation, as determined by the prior unappealed judgment.
In all other respects the judgment appealed from is affirmed. All costs in both courts are to be paid by appellant.
AMENDED AND AFFIRMED.
NOTES
[1] Boisdore v. Gilted Wood, Inc., Suit No. 263-183 of the docket of the 24th Judicial District Court for the Parish of Jefferson, filed February 5, 1982.
[2] The property cost $220,000. The down payment consisted of $45,000 of Mrs. Bryant's money, a prior mortgage was assumed, and the balance of her funds was used to begin the renovation.