929 So.2d 1231 (2006)
STATE of Louisiana
v.
Clarence MAYS a.k.a. Clarence Savage.
No. 2005-K-2555.
Supreme Court of Louisiana.
May 26, 2006.
*1232 PER CURIAM.
Granted. The decision of the court of appeal is reversed and the defendant's adjudication and sentence as a third felony offender are reinstated.
The adjudication and sentence of defendant as a second offender for purposes of La.R.S. 15:529.1 in 2003 did not preclude the state from adjudicating and sentencing the defendant as a third offender in a subsequent proceeding conducted in 2004. State v. Denis, 96-2706 (La.4/25/97), 692 So.2d 1055. Although the state relied on the same convictions alleged in the original habitual offender bill, it produced photographic evidence at the 2004 proceeding to satisfy the trial court's ruling in 2003 that it had failed to prove defendant's identity as the offender previously convicted of armed robbery in 1980. The state thereby corrected a perceived defect in its evidence by the simple expedient of obtaining additional photographic evidence from the Department of Corrections, although it maintained throughout the proceedings that defendant's identity as the previously convicted offender could be proved by any competent evidence.
Principles of res judicata generally do not apply to habitual offender proceedings, State v. Dorthey, 623 So.2d 1276, 1279 (La.1993); State v. Hill, 340 So.2d 309, 312 (La.1976), and the circumstances of the present case do not justify according finality to the 2003 adjudication and sentence of defendant as a second offender. This Court has repeatedly stated that R.S. 15:529.1(F) does not require the state to use a specific type of evidence to carry its burden at an habitual offender hearing; prior convictions may be proved by any competent evidence. See State v. Blackwell, 377 So.2d 110, 112 (La.1979); State v. Curtis, 338 So.2d 662 (La.1976). Various methods of proof establishing identity have been recognized as sufficient to sustain the state's burden of proof, including testimony of witnesses, expert opinion as to fingerprints, and photographs contained in duly authenticated records. State v. Brown, 514 So.2d 99, 106 (La.1987); State v. Jones, 408 So.2d 1285, 1294-1295 (La. 1982); State v. Curtis, 338 So.2d 662, 664 (La.1976). See also State v. Hawthorne, 580 So.2d 1131 (La.App. 4th Cir.1991) (defendant's identity sufficiently proven at multiple bill hearing by evidence that fingerprints matched prints on arrest register, and register contained same name, crime, date of offense, and victim as in conviction documents); State v. Lee, 97-1035, pp. 3-4 (La.App. 5th Cir.2/11/98), 709 So.2d 226, 228-229 (defendant's identity sufficiently proven by matching his fingerprints to prints on arrest register, and by linking arrest register to certified copy of conviction based on case number and defendant's name).
Thus, in the present case, given introduction of documentary and fingerprint evidence otherwise adequately supporting the allegations of the habitual offender bill at the 2003 hearing, omission of a photograph of the defendant from the materials *1233 obtained from the Department of Corrections should not have precluded defendant's adjudication and sentence as a third offender. The proceedings conducted in 2004 afforded the trial court the opportunity to correct that error. See State v. Stott, 395 So.2d 714, 718 (La.1981).
JOHNSON, J., dissents.