# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 09-1382


**STATE OF LOUISIANA**

**VERSUS**

**MARCUS QUINN, SR.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 04-1397
HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


## BILLY HOWARD EZELL
## JUDGE


**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Billy Howard Ezell, and David E. Chatelain, Judges.


**AFFIRMED.**

Chatelain, J., dissents and assigns written reasons.


**James Edgar Boren**
**830 Main Street**
**Baton Rouge, LA 70802**
**(225) 387-5786**
**Counsel for Defendant/Appellant:**
**Marcus Quinn, Sr.**


    \*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

Pascal F. Calogero, Jr.
1100 Poydras Street, Suite 1500
Energy Centre
New Orleans, LA 70163-1500
Counsel for Defendant/Appellant:
Marcus Quinn, Sr.

J. Phillip Haney
District Attorney - Sixteenth Judicial District Court
300 Iberia Street, Suite 200
New Iberia, LA 70560
(337) 369-4420
Counsel for Plaintiff/Appellee:
State of Louisiana

Jeffrey J. Trosclair
Assistant District Attorney - Sixteenth Judicial District Court
500 Main Street, 5th Floor
Franklin, LA 70538
(337) 828-4100
Counsel for Plaintiff/Appellee:
State of Louisiana

**EZELL, JUDGE.**

A jury convicted the defendant, Marcus Quinn, Sr., of the offense of possession of cocaine, a Schedule II controlled dangerous substance, a violation of La.R.S. 40:967(C), and of the offense of false imprisonment, a violation of La.R.S. 14:46. After the trial court sentenced the defendant to serve five years at hard labor on the possession conviction and six months in the parish jail on the false imprisonment conviction, the State of Louisiana (state) charged the defendant as a multiple felony offender pursuant to La.R.S.15:529.1. In response to the multiple offender filing, the trial court vacated the five-year hard labor sentence and then sentenced the defendant to serve twenty years at hard labor on the possession conviction. In both the initial and subsequent sentencing proceedings, the trial court ordered that the hard labor sentence run concurrently with the six-month parish jail sentence.

*State v. Quinn*, an unpublished opinion bearing docket number 06-1183 (La.App. 3 Cir. 2/7/07). The Defendant's conviction for possession of cocaine was affirmed, but his sentence was vacated. Due to an error patent, the matter was remanded for resentencing.

A habitual offender hearing was held on May 17, 2007. On August 28, 2007, the Defendant was adjudicated a third offender and sentenced to eight years at hard labor. The State objected to the adjudication as a third offender and made an oral motion for reconsideration of sentence. Another habitual offender bill was filed at that time.[1]

The State filed a motion to reconsider sentence on August 30, 2007, and the Defendant filed one on October 2, 2007. Both motions were denied on November 8, 2007.

On October 10, 2007, the Defendant entered a plea of not guilty to the habitual offender bill filed on August 28, 2007. A habitual offender hearing was held on

---

[1]In the original habitual offender bill of information filed on June 2, 2005, the State alleged the Defendant had committed four felony offenses. In a second bill filed on December 9, 2005, the State alleged the Defendant had committed five felony offenses. In the third bill, the State listed the five felony offenses that were set forth by the State in the second habitual offender bill.

1

December 22, 2008.  In reasons for judgment issued on April 9, 2009, the trial court adjudicated the Defendant a fourth felony offender.  On June 24, 2009, the Defendant was sentenced to serve twenty years at hard labor.

A motion for appeal was filed on June 26, 2009, and subsequently granted. The Defendant is now before this court asserting four assignments of error.  Therein, the Defendant contends the trial court erred in sentencing him to an excessive sentence, in allowing the State to have as many "do-overs" as they desired to adjudicate him a habitual offender, and in allowing the State to file its third habitual offender bill of information in violation of his due process rights.  The Defendant further contends the evidence was not sufficient to support his conviction for possession of cocaine.

## FACTS

The Defendant was convicted of possession of crack cocaine, adjudicated a fourth felony offender, and sentenced accordingly.

## ASSIGNMENT OF ERROR NUMBER FOUR

In his fourth assignment of error, the Defendant contends the petit jury erred in returning a guilty verdict of possession of cocaine without sufficient evidence. This assignment of error will be addressed first in the event the Defendant is entitled to an acquittal.  *State v. Hearold*, 603 So.2d 731 (La. 1995).

This court affirmed the Defendant's conviction in his previous appeal.  In brief to this court, the Defendant "recognizes" this court has previously ruled on this issue, but "maintains his argument for sufficiency of the evidence."

"Under the doctrine of 'law of the case,' an appellate court will generally refuse to reconsider its own rulings of law on a subsequent appeal in the same case.  *State v. Doussan*, 05-586 (La.App. 5 Cir. 2/14/06), 924 So.2d 333, 339, *writ denied*, 06-608

2

(La.10/13/06), 939 So.2d 372." *State v. Bozeman*, 06-679, p. 6 (La.App. 5 Cir. 1/30/07), 951 So.2d 1171, 1174. As this issue was previously reviewed by this court, we do not consider this assignment of error.

## ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, the Defendant contends the trial court erred in allowing the State to have as many "do-overs" as it desired to adjudicate him a fifth offender, then as a third offender, and finally as a fourth offender, each of these after he had been convicted and sentenced to a maximum term of imprisonment of five years.

The Defendant asserts that his argument is best made by analogy to *State v. Langley*, 06-1041 (La. 5/22/07), 958 So.2d 1160, *cert. denied*, 552 U.S. 1007, 128 S.Ct. 493 (2007), and *State v. Goodley*, 423 So.2d 648 (La.1982).

In *Langley*, 958 So.2d 1160, the defendant contended the jury verdict finding him guilty of second degree murder acted as an acquittal to the charged crime of first degree murder. Consequently, he argued that his re-indictment on first degree murder charges violated the prohibition against double jeopardy. The trial court agreed and quashed the indictment for first degree murder.

The supreme court found:

> Under these circumstance [sic], and by operation of longstanding double jeopardy law, we hold that the unanimous verdict of guilty of second degree murder returned by Langley's jury in *Langley II* implicitly acquitted him of first degree murder. . . . [T]he verdict rendered by the jury was a legal verdict and should be given effect pursuant to La.C.Cr.P. art. 598(A):
>
> > When a person is found guilty of a lesser degree of the offense charged, the verdict or judgment of the court is an acquittal of all greater offenses charged in the indictment and the defendant cannot thereafter be tried for those offenses on a new trial.

3

> Consequently, the state is limited in any subsequent prosecution to re-indicting the defendant on a charge of second degree murder.

*Id*. at 1170.

In *Goodley*, 423 So.2d 648, the defendant was convicted of manslaughter. He appealed, alleging his sentence was excessive. As the result of an error patent, the defendant's conviction was reversed. The State attempted to retry the defendant for first degree murder. The supreme court concluded:

> [T]hat to subject Goodley to a second prosecution for first degree murder would have a chilling effect on the exercise of his right to appeal in violation of La. Const. art. I, § 19 (1974). However, nothing in this opinion should be interpreted to preclude retrial of this defendant for the crime of manslaughter, since on retrial he would not be faced with a more severe charge than he was "convicted" of below.

*Id*. at 652.

The Defendant asserts that by analogy, to rebill him as a fifth offender when he had previously been found to be a third offender is inconsistent with his right to appeal and to defend himself. Further, he claims that its effect is to penalize him for prevailing in his first habitual offender hearing.

The Defendant's case was remanded after appeal because defense counsel stipulated to the Defendant's identity and the trial court failed to apprise him of his right to remain silent and to have the State prove its case against him at the habitual offender hearing. The State asserts that the cases cited by the Defendant are clearly distinguishable from the case at bar, as they do not pertain to habitual offender bills of information and the sentence enhancement purpose of La.R.S. 15:529.1.

The State's assertion is correct. *Langley*, 958 So.2d 1160, and *Goodley*, 423 So.2d 648, are distinguishable because they do not involve habitual offender proceedings. In *Langley*, 958 So.2d 1160, the supreme court relied on La.Code Crim.P. art. 598. There are no cases in which Article 598 is discussed in regard to

4

habitual offender proceedings. Further, in *State v. Mays*, 05-2555, p. 1 (La. 5/26/06), 929 So.2d 1231, 1232 (*Mays II*), the supreme court found: "The adjudication and sentence of defendant as a second offender for purposes of La.R.S. 15:529.1 in 2003 did not preclude the state from adjudicating and sentencing the defendant as a third offender in a subsequent proceeding conducted in 2004. *State v. Denis*, 96-2706 (La.4/25/97), 692 So.2d 1055."

For these reasons stated, this assignment of error lacks merit.

### ASSIGNMENT OF ERROR NUMBER THREE

In his third assignment of error, the Defendant contends the trial court erred in allowing the State to file its third habitual offender bill against him in violation of his constitutional right to due process.

The Defendant asserts that courts require the State to strictly comply with its burden of proof and, if the evidence presented by the State is not in order, the adjudication cannot stand. Additionally, allowing three, four, or five "bites at the apple" does not follow the logic of strict compliance with the State's burden of proof. Moreover, "do-overs" should not be allowed, as allowing the State multiple attempts to comply with the requirements of La.R.S. 15:529.1 subjects the Defendant to harassment, expense, and embarrassment while allowing the State to practice its case before the judge. The Defendant further argues that the State is able to violate the public policy concerns which the double jeopardy and res judicata doctrines protect. The Defendant relies on *Denis*, 692 So.2d 1055, arguing that "If the State fails to strictly comply with evidence requirements, any subsequent habitual offender proceedings cannot rely on evidence previously used to determine a defendant's multiple offender status."

5

In *Denis,* 692 So.2d 1055, the supreme court stated the following:

> As long as the punishment imposed on the defendant does not exceed what the legislature has prescribed, and in the absence of any evidence that the state sought separate hearings to oppress or harass the defendant, principles of res judicata or double jeopardy do not preclude the state in a single prosecution from adjudicating the defendant a third offender and then adjudicating him a fourth offender in a subsequent proceeding on the basis of a conviction and documentary evidence not used previously to determine his multiple offender status. *Cf. State v. Hill,* 340 So.2d 309, 312 (La.1976) (To the extent that "[a] hearing on a multiple offender bill is a trial in only a very broad sense. . . . [and] is more pertinently an inquiry into defendant's prior criminal conviction or convictions, as part of the sentencing process . . .," technical deficiencies in the state's documentation may require a negative determination by the court but do not preclude relitigation of the defendant's multiple offender status at a subsequent hearing.)

In brief to this court, the Defendant argues the following:

> In this case, the State held an habitual offender hearing in 2007 alleging four prior convictions and the State introduced documentary evidence and testimony in an effort to prove all four convictions. The [S]tate failed to prove two of the four convictions. Quinn was sentenced as a third offender. On the day of sentencing, the state filed a third habitual offender bill, <u>which was identical to the first and second bills</u>. At the third habitual offender hearing, the State adopted all prior testimony and documentary evidence used in the 2007 hearing and added only the evidence they failed to provide the first time. Quinn was then sentenced as a fourth offender. All of the above occurred in a single prosecution. According to *Denis*, principles of res judicata precluded the State from bringing their third habitual offender bill because the State obtained fourth offender status on the basis of convictions and documentary evidence used previously, i.e. the 2007 hearing, to determine his status as a third offender.

In *State v. Mays*, 05-116 (La.App. 5 Cir. 11/29/05), 917 So.2d 1185 (*Mays I*), *rev'd by*, 05-2555 (La. 5/26/06), 929 So.2d 1231 (*Mays II*), the defendant was convicted of possession of cocaine, and the State filed a habitual offender bill, alleging he was a third offender. After a hearing, Mays was found to be a third felony offender and sentenced to life imprisonment. On appeal, the court found that more than ten years had elapsed between Mays's conviction for the first predicate offense and the commission of the second predicate offense and concluded the State failed

to prove his discharge date from the first predicate offense. Thus, Mays's sentence was vacated, and the matter was remanded for a hearing and resentencing.

On remand, a second habitual offender hearing was held. At that hearing, the State introduced testimony that Mays's fingerprints matched those fingerprints in the certified copy of records in Docket Numbers 80-66 and 96-7458, which related to armed robbery and simple burglary. The State then offered a certified copy of records from the Department of Corrections, also known as a "pen pack," as prima facie evidence, pursuant to La.R.S. 15:529.1(F), of the imprisonment of Mays on May 13, 1980, and his discharge on August 1, 1983, in connection with Docket Number 80-66, or the armed robbery conviction. Mays objected to the admission of the pen pack because it did not contain a photograph of him and, therefore, did not comply with the statutory requirements of La.R.S. 15:529.1(F). The trial court found the State failed to prove Mays was a third felony offender but determined the evidence was sufficient to prove he was a second felony offender. The trial court found the pen pack, which the State used to prove the discharge date for the armed robbery conviction, was inadmissible because the State failed to include a photograph of Mays.

The State subsequently filed a second habitual offender bill of information, relying on the same predicate offenses listed in the original habitual offender bill. Mays filed a motion to quash the second habitual offender bill on the basis that he had already been adjudicated and sentenced as a second felony offender. The motion was denied after a hearing. A hearing was held on the second habitual offender bill of information, and Mays was adjudicated a third felony offender and sentenced accordingly.

In *Mays I*, the fifth circuit discussed the applicable law as follows:

7

In *State v. Dorthey*, 623 So.2d 1276 (La.1993), the Louisiana Supreme Court stated that the legal principle of res judicata does not apply to multiple offender proceedings. The Supreme Court stated that the Habitual Offender statute is simply an enhancement provision and explained that the ruling at a multiple offender hearing is not "a definitive judgment," but merely "a 'finding' ancillary to the imposition of sentence." *Id.* at 1279, quoting *State v. Stott*, 395 So.2d 714 (La.1981). However, in two prior cases, the Louisiana Supreme Court has suggested that under certain circumstances a subsequent multiple offender proceeding might be barred.

In the first case, *State v. Hill*, 340 So.2d at 312 (La.1976), the trial court initially determined the defendant was "not guilty as a multiple offender" on the basis the documents presented by the State, as allowed by La. R.S. 15:529.1(F), were not properly authenticated. Less than one month later, the State filed a second identical Bill of Information. The defendant filed a Motion to Quash on the basis of res judicata, which was granted by the trial court. The State appealed the granting of the Motion to Quash.

The Supreme Court reversed the granting of the Motion to Quash explaining:

> A hearing on a multiple offender bill is a trial in only a very broad sense. It is more pertinently an inquiry into defendant's prior criminal conviction or convictions, as part of the sentencing process. Technical inadequacies in the state's documentation at such 'trial' mandates a negative determination by the court. On the other hand, such a determination is not a conclusive one 'on a fact distinctly put in issue,' as is the case where, relative to prosecution for [c]ommission of a criminal offense, there is a judgment that defendant be freed 'as a matter of substantive law'.

*State v. Hill*, *supra* at 312. Although the *Hill* court ultimately held res judicata was inapplicable to bar the second multiple bill, it expressly stated:

> We do not mean to suggest there can be no ruling of any character on the trial of a multiple offender bill which is entitled to finality in the res judicata sense, such for instance, as a ruling that 'more than five years have elapsed since expiration of the maximum sentence or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he had been convicted.' R.S. 15:529.1(C) . . . . .

> A court determination, favorable to a defendant that a given earlier offense was legally stale or that described

convictions were suffered by a person other than defendant, just might as a matter of law be entitled to finality and be the proper subject of res judicata.

Later, in *State v. Stott*, 395 So.2d 714 (La.1981), the Supreme Court again suggested that under certain circumstances a subsequent multiple offender proceeding might be barred. In *Stott*, the State filed a multiple bill alleging the defendant was a third offender. After a hearing, the trial court determined that the defendant was not a multiple offender. The State moved to re-open the multiple offender hearing arguing that the trial court erred in its ruling and pointed out that the underlying crime was committed within five years of the defendant's discharge from custody. The trial court subsequently reversed its former ruling and found defendant to be a multiple offender.

The *Stott* court held the trial court had initially made an error of law in failing to find the defendant was a multiple offender. The court noted that at the subsequent hearing the error was pointed out to the trial court, which then reversed its position. Noting that "[t]he ruling of the court in an habitual offender proceeding is not a definitive judgment as is required before res judicata can apply," the Supreme Court held that the trial court was not barred by res judicata from reversing its position. Id., at 718. The *Stott* court stated that the finding of the trial court was not conclusive prior to sentencing. However, it noted that "[i]f sentence had been imposed after the first hearing, the result might be different . . ." *Id*.

*Id*. at 1189-90.

The court went on to discuss Mays's argument as follows:

In the present case, the defendant was found to be a second offender and was sentenced as a multiple offender prior to the re-filing of the second identical multiple bill. As suggested by *Stott*, the actual imposition of an enhanced sentence under La. R.S. 15:529.1 prevents the filing of a second multiple bill based on the same underlying offense and predicate convictions as the first multiple bill.

As explained by the *Hill* court, "[p]rinciples of res judicata dictate that a fact or matter distinctly put in issue and directly determined by a court of competent jurisdiction cannot thereafter be disputed between the same parties." *State v. Hill*, *supra* at 312. Res judicata affords a finality to judgments. The imposition of a sentence has the effect of finality on a proceeding as evident from the long-standing jurisprudence that a conviction cannot be appealed as a final judgment until a sentence has been imposed. *State v. Chapman*, 471 So.2d 716 (La.1985). Although a determination of multiple offender status is not a "conviction", the actual imposition of an enhanced sentence compels a necessary finality of the multiple offender proceedings and affords the determinations of the trial court a sense of definitiveness. Had the State

9

wished to challenge the determination that the defendant was a second offender as opposed to a third offender, the correct procedural remedy would be to file a Motion for Appeal or a Motion to Reconsider Sentence. We, therefore, reverse the denial of the Motion to Quash the Third Habitual Offender Bill and vacate the life sentence and reinstate the defendant's sentence as a second felony offender.

*Id*. at 1190 (alteration in original).

The supreme court reviewed the fifth circuit's ruling and reversed its findings.

In *Mays II*, 929 So.2d 1231, 1232-33, the supreme court issued the following ruling:

The adjudication and sentence of defendant as a second offender for purposes of La.R.S. 15:529.1 in 2003 did not preclude the state from adjudicating and sentencing the defendant as a third offender in a subsequent proceeding conducted in 2004. *State v. Denis*, 96-2706 (La.4/25/97), 692 So.2d 1055. Although the state relied on the same convictions alleged in the original habitual offender bill, it produced photographic evidence at the 2004 proceeding to satisfy the trial court's ruling in 2003 that it had failed to prove defendant's identity as the offender previously convicted of armed robbery in 1980. The state thereby corrected a perceived defect in its evidence by the simple expedient of obtaining additional photographic evidence from the Department of Corrections, although it maintained throughout the proceedings that defendant's identity as the previously convicted offender could be proved by any competent evidence.

Principles of res judicata generally do not apply to habitual offender proceedings, *State v. Dorthey*, 623 So.2d 1276, 1279 (La.1993); *State v. Hill*, 340 So.2d 309, 312 (La.1976), and the circumstances of the present case do not justify according finality to the 2003 adjudication and sentence of defendant as a second offender. This Court has repeatedly stated that R.S. 15:529.1(F) does not require the state to use a specific type of evidence to carry its burden at an habitual offender hearing; prior convictions may be proved by any competent evidence. *See State v. Blackwell*, 377 So.2d 110, 112 (La.1979); *State v. Curtis*, 338 So.2d 662 (La.1976). Various methods of proof establishing identity have been recognized as sufficient to sustain the state's burden of proof, including testimony of witnesses, expert opinion as to fingerprints, and photographs contained in duly authenticated records. *State v. Brown*, 514 So.2d 99, 106 (La.1987); *State v. Jones*, 408 So.2d 1285, 1294-1295 (La.1982); *State v. Curtis*, 338 So.2d 662, 664 (La.1976). *See also State v. Hawthorne*, 580 So.2d 1131 (La.App. 4th Cir.1991) (defendant's identity sufficiently proven at multiple bill hearing by evidence that fingerprints matched prints on arrest register, and register contained same name, crime, date of offense, and victim as in conviction documents); *State v. Lee*, 97-1035, pp. 3-4 (La.App. 5th Cir.2/11/98), 709 So.2d 226, 228-229 (defendant's identity sufficiently proven by matching his fingerprints to prints on arrest register, and by

linking arrest register to certified copy of conviction based on case number and defendant's name).

Thus, in the present case, given introduction of documentary and fingerprint evidence otherwise adequately supporting the allegations of the habitual offender bill at the 2003 hearing, omission of a photograph of the defendant from the materials obtained from the Department of Corrections should not have precluded defendant's adjudication and sentence as a third offender. The proceedings conducted in 2004 afforded the trial court the opportunity to correct that error. *See State v. Stott*, 395 So.2d 714, 718 (La.1981).

In brief to this court, the Defendant asserts the State failed to introduce documentary and fingerprint evidence to support the allegations at the habitual offender hearing in 2007. He asserts that his case is distinguishable from *Mays II*, 929 So.2d 1231, in that the evidence in the case at bar was completely defective. The Defendant contends the State was unable to prove his 2000 conviction after three attempts to do so. The Defendant further asserts that the only purpose for the 2009 hearing was to amend the State's previous efforts by introducing testimony by a fingerprint expert.

The Defendant asserts that his 2007 adjudication as a third offender is final because the State failed to introduce competent evidence for half of the alleged prior convictions. He argues that when a sentence is final, the State is precluded from rebilling the Defendant in an effort to cure the defective evidence from the first hearing.

The Defendant notes the State may not file a habitual offender bill after an unreasonable time. He cites *State v. Broussard*, 416 So.2d 109 (La.1982), in support of his argument. In *Broussard*, the supreme court found that a habitual offender bill of information filed thirteen months after sentence and about three months prior to the date the defendant was eligible for parole was not timely, where the necessary

11

information regarding the defendant's prior felony convictions was available to the State at the time of the original sentencing.

The Defendant asserts that following similar logic, courts should recognize that the State may not bring a habitual offender hearing if an unreasonable number of attempts have been made at filing one single multiple offender bill.

The Defendant asserts that double jeopardy's underlying policy is that the State should not be allowed to make repeated attempts to convict an individual for an alleged offense, thus, subjecting him to embarrassment, expense, and ordeal, and compelling him to live in a continuous state of anxiety and insecurity, as well as enhancing the possibility that even though innocent, he may be found guilty. In support of his argument, the Defendant cites *Green v. U.S.*, 355 U.S. 184, 78 S.Ct. 221 (1957), and *U.S. v. Jorn*, 400 U.S. 470, 91 S.Ct. 547 (1971).

The Defendant additionally asserts that res judicata applies when, (1) the thing demanded is the same; (2) the demand is founded on the same cause of action; and (3) the demand is between the same parties and formed by them against each other in the same quality. In support of this assertion, the Defendant cites *State v. Cormier*, 378 So.2d 448 (La.App. 3 Cir. 1979). The Defendant asserts that if a habitual offender hearing is quasi-criminal in nature, the requirements of res judicata should apply. The Defendant argues that res judicata applies in the case at bar because: (1) the State demanded he be adjudicated a fifth offender in all three habitual offender bills of information; (2) the bills are founded on his underlying conviction of possession of cocaine; and (3) all three hearings are between himself and the State and are formed in the same quality.

The Defendant argues that as in *State v. Stott*, 395 So.2d 714 (La.1981), *abrogated on other grounds by Horton v. California,* 496 U.S. 128, 110 S.Ct. 2301

(1990), the imposition of sentence has the effect of finality on a proceeding based on the long-standing jurisprudence that a conviction cannot be appealed as a final judgment until sentence has been imposed. Accordingly, when he was sentenced as a third offender in the 2007 hearing, the State's remedy was the same as his, to file a motion for appeal.

We note that in *Stott*, the supreme court stated:

> The ruling of the court in an habitual offender proceeding is not a definitive judgment as is required before *res judicata* can apply. It is a "finding" ancillary to the imposition of sentence, and is therefore interlocutory in nature. If sentence had been imposed after the first hearing, the result might be different, but, as in this case, the finding of the court is certainly not conclusive prior to imposition of sentence, and the trial judge committed no error in finding defendant Ledet to be an habitual offender.

*Id*. at 718.

The Defendant reads *Denis*, 692 So.2d 1055, to mean that the State cannot use convictions and documentary evidence presented at the 2007 habitual offender hearing, at which the Defendant was adjudicated a third offender, to prove he was a fourth offender at a habitual offender hearing held in 2009.

In *Mays I*, 917 So.2d 1185, the State filed a second habitual offender bill of information, alleging Mays was a third offender based on the same two predicate offenses listed in the original bill of information. As previously noted, in *Mays II*, 929 So.2d at 1232, the supreme court stated: "The adjudication and sentence of defendant as a second offender for purposes of La.R.S. 15:529.1 in 2003 did not preclude the state from adjudicating and sentencing the defendant as a third offender in a subsequent proceeding conducted in 2004. *State v. Denis,* 96-2706 (La.4/25/97), 692 So.2d 1055." Based on the supreme court's remarks, the Defendant's interpretation of *Denis* is incorrect.

13

The case at bar is almost identical to the scenario in *Mays*. In *Mays,* the court clearly stated that the second habitual offender bill relied on the same prior convictions as the first. Based on the supreme court's ruling in that case, nothing precludes the State from filing multiple habitual offender bills of information in the case at bar. *See Denis*, 692 So.2d 1055.

In *State v. Davis*, 98-1019 (La.App. 4 Cir. 12/29/99), 751 So.2d 326, *writ denied*, 00-1093 (La. 11/17/00), 774 So.2d 972, the State attempted to establish the defendant was a third offender and produced a fingerprint expert who testified the defendant's fingerprints matched those of the arrest registers for two prior offenses. The defendant argued that in one of the prior convictions there was no necessity for him to have been *Boykinized* because he had been found guilty after a trial. However, in the other, he pled guilty, and there was no evidence that he had been properly *Boykinized*. Based on the defendant's argument, the trial court found the defendant was a second offender.

The State immediately filed a second habitual offender bill of information because it had failed to meet its burden of proof. The opinion did not indicate whether the second habitual offender bill of information relied on the same predicate offenses that were set forth in the original bill. The trial court quashed the habitual offender bill, stating the following:

> I don't think that the law is that the State can proceed with a hearing on a motion, fail, and then just file another one. I can't imagine that being the spirit and the letter of the law; fairness, equity, you know.

> Defense counsel don't (sic) get an opportunity to lose a trial and then say, "Well, okay, Judge. Come on. Give me another one." And then give me another one.

> You had your Multiple Bill hearing today, you failed to give your burden of proof, you proved that he was a double and not a triple. Now you want to file another one.

14

> Well, I don't think it goes like that. Trial — multiple trial isn't until the State gets it right. Let me find that one in the code. You had your hearing, you fail[ed], take it up.

*Id*. at 329 (last alteration added).

The State appealed the trial court's ruling. On appeal, the defendant conceded the filing of the second habitual offender bill of information did not violate double jeopardy. The fourth circuit found the concession was correct, citing *Denis*, 692 So.2d 1055, and reversed the trial court's ruling.

In *State v. Picot*, 98-2194 (La.App. 4 Cir. 11/10/98), 724 So.2d 236, the defendant was convicted of second degree battery and sentenced to serve five years at hard labor. The State filed a habitual offender bill of information, and the defendant was adjudicated a second offender. The defendant appealed, and the court affirmed his conviction, but vacated the adjudication because the State failed to introduce evidence that the defendant was the same person convicted of the prior offense. The defendant's original sentence of five years was reinstated.

The State filed a second habitual offender bill of information, and the defense made an oral motion to quash. The trial court granted the defendant's motion and dismissed the habitual offender bill of information on the grounds that double jeopardy prohibited the State from filing a habitual offender bill, failing to prove it, and then getting another chance to present evidence on the matter.

The fourth circuit reversed the trial court's ruling, stating the following:

> It is well-established by the Louisiana jurisprudence that a second multiple bill hearing does not place a defendant in double jeopardy because "[s]uch a proceeding is merely a part of sentencing." *State v. Langendorfer*, 389 So.2d 1271, 1277 (La.1980). See also *State v. Bennett*, 544 So.2d 661 (La.App. 3rd Cir.1989). In *State v. Johnson*, 432 So.2d 815 (La.1983), the Court held that the defendant could be tried again on the multiple bill, even though the State failed to prove his identity as the perpetrator of the prior crimes. In *Johnson*, the Court noted: "Defendant is not protected by principles of double jeopardy from being tried again on the question of the prior felony conviction." *Id*. at

15

817. The Habitual Offender Law creates no independent offense, but rather prescribes the conditions under which there is an enhanced penalty for the current offense and does not violate constitutional prohibitions against double jeopardy. *State v. Boatner*, 304 So.2d 661 (La.1974).

*Id*. at 237-38 (alteration in original).

In *State v. Kennerson*, 96-1518 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, this court found that a conviction obtained in Texas was not the equivalent of a felony in Louisiana; thus, the defendant was proven, at most, to be a second felony offender and should be resentenced as such. This court further noted that the State would have the option to once again attempt to prove the defendant was a third offender, as double jeopardy did not apply to habitual offender adjudications.

In *Kennerson*, this court cited *State v. Martin*, 599 So.2d 422 (La.App. 4 Cir. 1992), *writ denied*, 99-1129 (La. 10/8/99), 750 So.2d 177. In *Martin*, the fourth circuit stated:

[T]he conviction under the Habitual Offender Statute was defective and the case will be remanded. The State is not barred from presenting additional evidence, because a defendant is not protected by principles of double jeopardy from being tried again on the question of a prior felony conviction. See *State v. Johnson*, 432 So.2d 815 (La.1983); *Jones*, [516 So.2d 396 (La.App. 5 Cir. 1987)].

*Id*. at 425 (footnote omitted).

Although the Defendant asserts there should be a limit on the number of attempts the State has to prove he is a habitual offender, there is nothing in La.R.S. 15:529.1 or jurisprudence to support the Defendant's argument. Based on the ruling in *Mays II*, 929 So.2d 1231, and *Denis*, 692 So.2d 1055, the State may file multiple habitual offender bills and rely on previously asserted predicate offenses when filing same. Additionally, the State may, based on *Kennerson*, 695 So.2d 1367, and *Martin*, 599 So.2d 422, attempt to prove a predicate offense at a subsequent habitual offender hearing after a failed attempt to do so. Further, in *Stott*, 395 So.2d 714, the supreme

16

court did state that if sentence had been imposed after the first habitual offender hearing, the result might be different. However, we note that a sentence was imposed in *Mays I*, 917 So.2d 1185.

Although the supreme court has stated there may be situations where res judicata would apply in habitual offender proceedings, this case does not justify according finality to the 2007 judgment. Further, double jeopardy is inapplicable to the case at bar. *Denis*, 692 So.2d 1055.

For the reasons asserted herein, we find this assignment of error lacks merit.

## ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, the Defendant contends his minimum mandatory sentence is constitutionally excessive.

The Defendant did not object to the sentence at the time it was imposed or file a motion to reconsider sentence. In *State v. Bamburg*, 00-675 (La.App. 3 Cir. 11/2/00), 772 So.2d 356, the defendant failed to object to the sentence imposed at the sentencing hearing and did not timely file a motion to reconsider sentence. Thus, this court found his claim of excessiveness of sentence was barred.

However, this court has reviewed claims of excessiveness where no objection was made and no motion to reconsider sentence filed. *See State v. Thomas*, 08-1358 (La.App. 3 Cir. 5/6/09), 18 So.3d 127; *State v. Perry*, 08-1304 (La.App. 3 Cir. 5/6/09), 9 So.3d 342; *State v. H.J.L.*, 08-823 (La.App. 3 Cir. 12/10/08), 999 So.2d 338, *writ denied*, 09-606 (La. 12/18/19), 23 So.3d 936. Accordingly, we will review the Defendant's claim as a bare claim of excessiveness. This bare claim preserved only issues of constitutional excessiveness. *State v. Vollm*, 04-837 (La.App. 3 Cir. 11/10/04), 887 So.2d 664. Therefore, we will not consider the Defendant's claim that

17

he is exceptional, and, thus, the trial court had a duty to reduce the minimum mandatory sentence. *See* La.Code Crim.P. art. 881.1(E).

This court discussed the standard of review applicable to claims of excessiveness in *State v. Bailey*, 07-130, p. 3 (La.App. 3 Cir. 10/3/07), 968 So.2d 247, 250, as follows:

> A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and[,] therefore, is nothing more than the needless imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.

*State v. Guzman*, 99-1753, 99-1528, p. 15 (La.5/16/00), 769 So.2d 1158, 1167 (citations omitted).

> In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061 (citations omitted), this court discussed the factors it would consider in order to determine whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals:

> > In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

The Defendant was convicted of possession of cocaine and adjudicated a fourth offender. He was sentenced to the mandatory minimum of twenty years. La.R.S. 40:967(C); La.R.S. 15:529.1(A)(1)(c)(i).

At sentencing, the trial court noted the Defendant was convicted on May 6, 1993, of simple robbery; on May 9, 1996, of simple robbery; on May 20, 2002, of possession of cocaine; and on February 17, 2005, of possession of cocaine. The Defendant had also been convicted of false imprisonment. The trial court then noted the presentence investigation report listed the following:

> Quinn was arrested for simple burglary, amended to criminal trespassing, on 5/9/90 . . . . Another unauthorized use of a movable over one thousand . . . was nolle prossed. There was a simple robbery, one in 1992, I think, that I've referred to previously. There was another simple robbery in 1995, which I've referred to previously. The possession of cocaine . . . . He was sentenced in St. Martinville on a simple robbery, simple kidnapping - it was amended to contributing to delinquency of a minor . . . . On November 10[th] of 2001, he was convicted of possession of cocaine, which I've referenced previously as one of the convictions under which he's been charged as a multiple offender and the Court found as a multiple offender. Additionally, on 6/29/04, he was charged. On February 16[th], '05, he was found guilty of that charge of false imprisonment and the possession of cocaine.

The trial court went on to note the Defendant could not be given a suspended sentence or probation, the Defendant was in need of correctional treatment, and a lesser sentence would deprecate the seriousness of the offense. The trial court subsequently declined to find the Defendant was exceptional under *State v. Dorthey*, 623 So.2d 1276 (La.1993), because of his criminal history and the fact that he had committed several crimes of violence.

> The Legislature enacted the Habitual Offender Law pursuant to its sole authority under Article 3, § I of the Louisiana Constitution to define conduct as criminal and to provide penalties for such conduct. *State v. Johnson*, [97-1906 (La. 3/4/98), 709 So.2d 672] at 675; *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993); *State v. Taylor*, 479 So.2d 339, 341 (La.1985). This Court has repeatedly held that the statute is constitutional and therefore, the minimum sentences the statute imposes upon multiple offenders are presumed to be constitutional, and should be accorded great deference by the judiciary. *State v. Johnson*, *supra*; *State v. Dorthey*, *supra*.

*State v. Lindsey*, 99-3302, 99-3256, p. 4 (La. 10/17/00), 770 So.2d 339, 342, *cert. denied*, 532 U.S. 1010, 121 S.Ct. 1739 (2001).

19

The Defendant received the mandatory minimum sentence, which is presumed to be constitutional. Thus, the Defendant's sentence is not excessive. Accordingly, this assignment of error lacks merit.

## CONCLUSION

The Defendant's adjudication and sentence is affirmed.

**AFFIRMED**.

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 09-1382

STATE OF LOUISIANA

VERSUS

MARCUS QUINN, SR.

CHATELAIN, J., dissenting.

I respectfully dissent from the majority opinion. As I read the supreme court's decisions in *State v. Mays*, 05-2555 (La. 5/26/06), 929 So.2d 1231, and *State v. Denis*, 96-2706 (La. 4/25/97), 692 So.2d 1055,[1] the principles of double jeopardy or res judicata would not preclude the State in a single prosecution from adjudicating this defendant a multiple offender, utilizing three habitual offender bills of information, each of which was basically the same, in two specific instances: (a) if documentary evidence *not used previously* is relied upon to determine the defendant's multiple offender status; or (b) if the subsequent multiple offender bill is filed to afford the trial court the opportunity to *address and correct an earlier error it made* in its appreciation of evidence the State relied upon in the previous habitual offender proceedings. Finding neither exception applicable in the present case, I would reverse the trial court, reinstate its August 28, 2007 ruling that adjudicated the defendant a third offender, and reinstate the imposition of the eight-year sentence at hard labor imposed in connection with that adjudication.

---

[1] I believe some confusion may have arisen because of the reference in *Denis* to that court's earlier decision in *State v. Hill*, 340 So.2d 309 (La.1976). I note that in *Denis* the supreme court qualified its citation to *Hill* when it utilized the signal "*Cf.*" Use of that signal indicates that *Hill* "supports a proposition different from the main proposition but sufficiently analogous to lend support." Rule 1.2(a), THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION (Columbia Law Review Ass'n, et al. Eds., 18th ed. 2005). Although *Hill* generally supports that a multiple offender hearing is a trial only in a very broad sense and it involves an inquiry into the defendant's prior criminal conviction or convictions, I perceive that *Denis* qualifies relitigation of the defendant's multiple offender status at a subsequent hearing to instances where documentary evidence not previously relied upon is used. To find otherwise would have obviated the necessity for the court to have used a qualified signal.