CHATELAIN, J.,
dissenting.
hi respectfully dissent from the majority opinion. As I read the supreme court’s decisions in State v. Mays, 05-2555 (La.5/26/06), 929 So.2d 1231, and State v. Denis, 96-2706 (La.4/25/97), 692 So.2d 1055,[1] the principles of double jeopardy or res judicata would not preclude the State in a single prosecution from adjudicating this defendant a multiple offender, utilizing three habitual offender bills of information, each of which was basically the same, in two specific instances: (a) if documentary evidence not used previously is relied upon to determine the defendant’s multiple offender status; or (b) if the subsequent multiple offender bill is filed to afford the trial court the opportunity to address and correct an earlier error it made in its appreciation of evidence the State relied upon in the previous habitual offender proceedings. Finding neither exception applicable in the present case, I would reverse the trial court, reinstate its August 28, 2007 ruling that adjudicated the defendant a third offender, and reinstate the imposition of the eight-year sentence at hard labor imposed in connection with that adjudication.

. I believe some confusion may have arisen because of the reference in Denis to that court’s earlier decision in State v. Hill, 340 So.2d 309 (La.1976). I note that in Denis the supreme court qualified its citation to Hill when it utilized the signal “Cf.” Use of citation to Hill when it utilized the signal “Cf.” Use of that signal indicates that Hill "supports a proposition different from the main proposition but sufficiently analogous to lend support." Rule 1.2(a), The Bluebook: A Uniform System of Citation (Columbia Law Review Ass’n, et al. Eds., 18th ed.2005). Although Hill generally supports that a multiple offender hearing is a trial only in a very broad sense and it involves an inquiry into the defendant's prior criminal conviction or convictions, I perceive that Denis qualifies re-litigation of the defendant’s multiple offender status at a subsequent hearing to instances where documentary evidence not previously relied upon is used. To find otherwise would have obviated the necessity for the court to have used a qualified signal.